MADISON Y. JOHNSON, Administrator, etc.

*v.*

ORLIN H. GILLETT.

1. EXCEPTIONS—*when necessary.* An objection to the ruling of the court below in refusing to quash a writ of *certiorari* sued out under the statute, to remove a cause from a county court to the circuit court, will not avail in the appellate court, on error, unless exception was taken to the decision of the circuit court on that subject.

2. FORM OF JUDGMENT—*in inferior courts.* No particular form is required in the proceedings of an inferior court, to render its order a judgment. It is sufficient if it be final, and the party may be injured.

3. SAME—*in a county court, on adjudicating a claim against an estate.* So, where the order of a county court, in respect to a claim presented against an estate, was, " after having taken the matter under advisement, the court this day, after due deliberation, rejects the claim," this was held to be a sufficiently formal judgment from which an appeal or *certiorari* would lie.

4. ADMINISTRATION OF ESTATES—*of claims in favor of the administrator.* If an estate is not fully settled, and the administrator has exhausted the personal assets in the payment of other debts than his own, he may prove a claim due to himself personally, from the estate, preparatory to obtaining an order to sell the real estate. If he chooses to postpone the payment of his own claim, and the assets are exhausted, he is not prohibited from making application for an order to sell the real estate, and thus convert it into assets.

5. SAME—*of paying debts pro rata or in full.* Regularly, perhaps, if there are not sufficient personal assets to pay all the debts owing by an estate, without resorting to the real estate, the administrator should pay the debts *pro rata* out of the personalty, his own debt, if he have one against the estate, included; but if he pays all of the debts, except his own, in full, and thereby exhausts the personal assets, the result would be the same, and he may still prove his own claim, and have an order to sell real estate to pay it.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

Orlin H. Gillett, who was administrator of the estate of Benoni R. Gillett, deceased, presented a claim on his own behalf, against said estate, for allowance in the county court of Jo Daviess county. An administrator *pro tem.* was appointed to defend the estate. The following orders were entered of record in the county court, concerning said claim:

"Now at this day, the court took up the claims of O. H. Gillett against the said estate of Benoni R. Gillett, deceased, for $1900.86, as a balance due him. D. W. Jackson, Esq. appeared for the administrator, and M. Y. Johnson, Esq. appointed by the court administrator *pro tem.* to defend the interests of said estate, and objected to said claim being allowed, and after hearing the evidence and the arguments of counsel the court took the case under advisement."

And afterwards, the following order was made:

"In the matter of the claim of Orlin H. Gillett against the estate of Benoni R. Gillett, deceased, for $1900.86, having taken the matter under advisement, the court this day, after due deliberation, rejects the claim."

Subsequently, Orlin H. Gillett removed the cause into the circuit court of Jo Daviess county, by *certiorari* under the statute, where such proceedings were had that the claim was allowed. The administrator *pro tem.* thereupon appealed to this court. The other matters concerning which questions arise, are set forth in the opinion of the court.

Mr. MADISON Y. JOHNSON *pro se.*

Mr. D. W. JACKSON, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

It appears by this record, that, on the sixth of October, 1868, Orlin H. Gillett, administrator on the estate of Benoni R. Gillett, deceased, by letters of administration granted him by the county court of Jo Daviess county, in April, 1848, filed an account in his favor against the estate, amounting to nineteen hundred dollars and eighty-six cents, as a balance due him. The appellant, representing one of the heirs at law of the intestate, was appointed by the county court, to defend against this claim and to take care of the interests of the estate, when, upon investigation by the court, and after due deliberation, the claim was disallowed.

The cause was brought to the circuit court by *certiorari* under the statute, the time for taking an appeal having expired.

In the circuit court, appellant entered a motion to quash the writ of *certiorari* for reasons which appear in the record. The court denied the motion, and this is the first error assigned.

It is a sufficient answer to this, to say, that no exception was taken to this ruling of the court, and consequently its merits are not before us for consideration.

The next point is, that there was no judgment of the county court, from which an appeal or *certiorari* would lie.

An inspection of the record from the county court, shows that no formal judgment was rendered in the cause, not even for the costs, but the claim presented was, by the consideration of the court, rejected. This was absolute, and was, in effect, a judgment against the claimant.

It was held long ago, by this court, that no particular form was required in the proceedings of an inferior court to render their order a judgment. It is sufficient if it be final, and the party may be injured. *Wells* v. *Hogan*, Breese (2 *Ed.*) 337.

In the case before us, the order rejecting the claim was absolute and final. It concluded the claimant, and could be pleaded in bar to any claim for the same cause the administrator might afterward set up against the estate, so long as it remained

upon the records of the county court. It was such a final order, and tended so to injure the claimant as to be the basis of an appeal.

Having disposed of the preliminary questions, we now come to the merits of the controversy.

The question is, did the administrator establish by his proofs before the circuit court an indebtedness by the estate of Gillett, to him, to the extent found by the circuit court, or to any extent.

It is the acknowledged duty of all courts, when the claims of an administrator are preferred against an estate he represents, that all matters pertaining to it, and to the administration of the estate, should be closely scrutinized. Such is the relation he bears to the estate, and to all the parties interested in it, that courts can hardly be too careful and scrutinizing, so that the true facts and the real condition of the estate, and the acts and doings of the administrator, can be readily seen and easily comprehended by those in interest. It is a lamentable fact, that in some of the county courts having jurisdiction of such matters, sufficient caution is not used, and their records will show the discharge of many an administrator on final settlement, who has never rendered a full account of his stewardship, or such an one as could be understood by an heir or creditor, if examined within even a brief time after such settlement. We do not remember many cases where an administrator has pursued the law in stating and proving his account, or wherein a county court has applied the rules of law to him.

We understand, from the briefs of counsel in this cause, that the administrator claims to have made a final settlement of the estate, having paid and satisfied all claims against it, except his own, and for which he is seeking an allowance, to enable him to procure an order of court to sell the real estate, he having, in the payment of these claims, exhausted the personal assets.

It appears from the record, that the administrator was cited to appear before the county court, at the February term, 1868, to make a final report and settlement. At this term, it was ordered that he make such report on the 9th of March, 1868.

This not having been done, he was cited to appear to make such report and settlement at the August term, at which term he presented his report, and it was rejected by the court.

Up to this time, it is apparent there had been no final settle· ment of the estate. While matters were in this position, on the sixth of October following, the claim in question was filed against the estate, the administrator claiming a balance due himself of nineteen hundred dollars and eighty-six cents. On the third day of December, the claim was examined by the court, the administrator being represented by counsel, and the estate, by appellant, when on the fifth of December, after evidence and arguments were heard, the court, " on due delib- eration," rejected it.

It appears from the record, that there was a judgment ren- dered in the circuit court of Jo Daviess county in favor of the claimant, against the intestate, in his lifetime, on the sixth day of November, 1846, for nine hundred dollars.

The judgment of the circuit court was for nine hundred and thirty-two dollars and thirty-six cents.

It does not appear that the validity of this judgment was attacked, or that it was objected to as a subsisting claim against the estate. Although more than twenty-two years had elapsed since its rendition, appellant did not contest the right of the plaintiff to the remedy he sought, nor does he here, his princi- pal ground of complaint being that the administrator has not shown that he has made a full settlement of the estate, and he does not now dispute the fairness of any item allowed as a credit to the administrator. We have examined carefully the various reports of the administrator to the county court, with the action of the court thereon, going to show from time to time partial settlements and accountings, and have scrutinized them, and we can not discover any error therein. All that has come to the hands of the administrator, he appears to have fully accounted for, deferring his own claim to payment to that of other creditors not of kin to the intestate.

We do not perceive why, if an estate is not fully settled, and the personal estate exhausted, an administrator may not prove his claim, preparatory to obtaining an order to sell the real estate. His claim, if just, is as much entitled to payment as that of any other creditor. If he chooses to postpone its payment, and when the assets are exhausted, what should prohibit him from making application for an order to sell the real estate, and thus convert it into assets?

An objection might be urged in this case, that it appears the administrator paid the full amount of all the claims made against the estate, whereas he should have paid them *pro rata*, his own included, after he had established it in the mode pointed out in the statute, but the result would be the same. Such creditors as were not paid in full could require the administrator to convert the real estate into assets. Another objection might be urged, but it is not, that no notice was given by the administrator to creditors of the estate to present their claims, on a day named, for adjustment. The object of this is to enable the administrator to know the true condition of the estate as to its solvency, and when known, to be guided thereby in paying the claims, whether in full or *pro rata*, as he knows by the sale bill and the inventory he is required to make, the extent of the assets. No such papers appear in this case, nor is any objection made to their absence; in short, appellant does not put his finger on any matter alleged to be contrary to law and right.

The claimant reposes on the confirmation of his several reports made to the county court, and upon them appellant has raised no question. We have carefully examined all of these, from that of May 4, 1853, to the last one, made April 17, 1861, with the order of court thereon made January 22, 1862. That made on the fourth of April, 1854, is a compendium of that of May 4, 1853, February 7, 1854 and March 21, 1854.

That report shows on the debit side of the account rendered, nineteen hundred and sixty-eight dollars and ninety-nine cents

which the administrator had collected from mineral rents and from other sources. The credit side showed disbursements, eleven hundred and forty-five dollars and forty-nine cents, commissions on nineteen hundred and sixty-eight dollars and ninety-nine cents, one hundred and eighteen dollars thirteen cents. The judgment in favor of the administrator in the circuit court, rendered November 6, 1846, nine hundred dollars, and interest thereon up to the date of the report, four hundred and thirty-two dollars. These several credits amount to twenty-five hundred and ninety-five dollars and sixty-two cents. From them deduct the amount in the hands of the administrator, nineteen hundred and sixty-eight dollars and ninty-nine cents, and a balance is found in his favor of six hundred and twenty-six dollars and sixty-three cents.

At the March term, 1855, of the county court, the administrator presented a claim in his own favor, against the estate, of three hundred and twelve dollars, money loaned to the intestate, claiming interest thereon to the amount of one hundred and twenty-nine dollars and forty-eight cents, which the court allowed, Thomas Robinson having been appointed by the court to defend the estate against the claim, to the amount of four hundred and forty-one dollars and forty-eight cents. This same claim was presented by the administrator for allowance in his report of February 7, 1854, and rejected by the court, and if any exception had been taken to it here, we should have been strongly inclined to reject it, unsustained as it is by the least proof. But the heirs make no objection to it, and it must be allowed.

On the seventh of April, 1856, the court made two other allowances in favor of the administrator, amounting to twenty-four dollars and ninety-seven cents, to which no objection has been raised.

These several sums make the total of ten hundred and ninety three dollars and eight cents allowed the administrator over and above his receipts. From this sum, there was deducted by the court, on account of a supposed discrepancy in the sale

bill and the amount stated in the report of April 4, 1854, and another sum collected by the administrator since his last report, the two sums amounting to one hundred and sixty dollars and twenty-two cents, which left a balance remaining due the administrator of nine hundred and thirty-two dollars and thirty-six cents, for which the court rendered judgment.

These claims allowed the administrator by the county court, and by the circuit court on appeal, are *prima facie*, at least, valid against the heirs, who have contested this suit. They had the right to appear and contest their validity to protect their inheritance from sale, but in[7] the presence of the fact that not one of the items allowed was objected to, the circuit court could not do otherwise than approve them.

In affirming this judgment, as we do, we must take the occasion to say, we are not satisfied with the manner in which this estate has been managed, and which, after an administration running through twenty-one years, is not yet settled, and no excuse shown for the delay. There are no creditors complaining, it is true, yet the interests of the heirs at law of the intestate demanded a more speedy adjustment of its affairs.

As the abstract furnished by the appellee does not conform, in its preparation, to the rules of court, no costs will be taxed therefor, against appellant.

*Judgment affirmed.*