THE STATE OF DELAWARE, ex rel. HORACE T. BRUMLEY, plaintiff below, plaintiff in error *vs.* THE JESSUP AND MOORE PAPER COMPANY, a corporation of the State of Delaware, defendant below, defendant in error.

1. MANDAMUS—DECISIONS REVIEWABLE—"JUDGMENT" OR "PROCEEDING."

Refusal to quash the return to an alternative writ of mandamus ordered by the court denying a motion to quash the rule to show cause why a peremptory writ should not issue and dismiss the petition is a "judgment" or "proceeding", within *Const. art.* 4, § 12, conferring on the Supreme Court jurisdiction to issue writs of error to the Superior Court, and to determine matters in error in the judgment and proceeding of the Superior Court.

2. MANDAMUS—PROCEEDINGS—ISSUES.

The return of defendant to the alternative writ of mandamus ordered on the court refusing to quash the rule against defendant to show cause why a peremptory writ should not issue and dismiss the petition is conclusive on the facts stated in the return, and the question is whether the statements therein are sufficient in law to prevent a peremptory writ.

(January 18, 1910)

PENNEWILL, C. J., and CONRAD, WOOLLEY and HASTINGS, Associate Judges, sitting.

*Robert H. Richards* for plaintiff in error.

*Saulsbury, Ponder* and *Morris* for defendant in error.

Supreme Court, January Term, 1910.

WRIT OF ERROR (No. 2, January Term, 1910) to Superior Court for New Castle County. Case below (No. 114, June Term, 1908) in 7 *Penn.* 397.

This was a motion to dismiss the writ of error on the ground that the refusal of the court below to quash the return to the alternative writ ,of mandamus which had been awarded by the court below was not a judgment or proceeding reviewable by the Supreme Court on a writ of error. The motion was dismissed, and the case proceeded to a hearing and adjudication on the merits. (See 1 *Boyce*, 379.)

The questions presented appear in the opinion of the court.

NOTE.—At the time of reporting this case on the merits, in 1 *Boyce* at 379, this opinion of the court on the motion to dismiss the writ of error had been mislaid.

PENNEWILL, C. J., delivering the opinion of the court:

A motion is made by the defendant in error to dismiss the writ of error issued in the above stated case, on the ground that "there is no judgment or any order in the nature thereof, or equivalent thereto, rendered or entered in the court below to which a writ of error should be issued or which it is proper to ask the Supreme Court to consider, review or reverse."

In the court below a motion was made by the plaintiff to quash the return to the alternative writ of mandamus, and the motion was refused.

[1] The specific question raised by the motion to quash, is whether the refusal of the court below to quash the return to the alternative writ is a "judgment" or "proceeding," within the meaning of *Section* 12, *Article* 4, of the *Constitution* of this state, which provides as follows:

"The Supreme Court shall have jurisdiction as follows: (1) To issue writs of error to the Superior Court and to determine finally all matters in error in the judgments and proceedings of said Superior Court."

The question is not whether there was a judgment in existence to review which a writ of error could issue, but whether the record certified to this court discloses a *judgment* or *proceeding* of the lower court, to review which a writ of error could issue.

We think it wholly unnecessary to review the authorities cited by counsel for the defendant in error from other states because it seems to us that the single question raised in this case has been decided by the highest court of this state in *Union Church v. Saunders*, 1 *Houst.* 100, 63 *Am. Dec.* 187.

It will not be denied that when the court of last resort of our own state has interpreted a constitutional or statutory provision of our state, and established a practice and procedure thereunder, no decision of the courts of other states construing similar or identical constitutional or statutory provisions can be considered for the purpose of changing the effect of a decision of our own courts.

In the *Sanders case* a petition for a writ of mandamus was filed against Union Church. Upon this petition a rule was obtained to show cause why a writ of peremptory mandamus should

not issue.  Apparently the alternative writ was issued without objection.  At the December term, 1852, after argument by counsel, the rule to show cause was discharged.    At the following term, on application, a reargument was granted upon said rule to show cause, which was heard at a subsequent term, and the rule to show cause why a peremptory mandamus should not issue was made absolute.  Counsel for the defendant then moved the court below for leave to amend his return to the alternative mandamus and to file a supplemental return, which motion was refused.  At this stage of the proceedings the writ of error was sued out.

When the case came before the Court of Errors and Appeals, and before argument upon the merits, counsel for defendant in error submitted a motion to quash and dismiss the writ of error on the ground that no writ of error would lie to an order of the nature of the one made by the Superior Court in that case, it being contended that such an order was not a final judgment or an award in the nature of a judgment.

The unanimous opinion of the court was in the following words: "The court has come to this conclusion upon what it considers as a reasonable construction of the clause in the seventh section of the sixth article of the Constitution, which provides that this court 'shall have jurisdiction to issue writs of error to the Superior Court, and to determine finally all matters in error in the judgments and proceedings of said Superior Court,' and which, for this purpose, places the judgments and proceedings of that court upon original and on other than the  common-law grounds, and extends the jurisdiction of this court by writ of error to judgments or decisions in any proceedings in the Superior Court of a final character."

The court refused to dismiss the writ of error and heard argument on the merits.

An examination of the record and report of the *Sanders case* discloses that the decision or proceeding in which error was alleged and to review which the writ of error was sued out, was an order directing that a rule to show cause why a peremptory mandamus should not issue, be made absolute.  There was no formal judgment signed or entered.  There was no specific order or award

stating that the peremptory writ should issue. The court below merely announced their decision that the rule to show cause be made absolute, and the court above held such decision to be a proceeding of a final character within the meaning of the constitutional provision then in force, the language of which is identical with the corresponding provision in the present Constitution.

In the present case the court below refused to quash the return to the alternative writ. Such refusal is alleged as error, and we are unable to distinguish such proceeding, in principle, from that involved in the *Sanders case*. Tested by the ruling made in that case we are constrained to hold that the refusal to quash the return to the alternative writ was a proceeding of a final character. Practically it ended the case so far as the plaintiff was concerned, for it concluded him from taking any further proceedings that would be of any avail.

In principle there is, we think, no distinction between the case now before the court and the *Sanders case*. In the case at bar a petition was filed by the plaintiff below in the Superior Court, upon which a rule was issued against the defendant to show cause why a writ of peremptory mandamus should not issue. Upon the return of the rule, the defendant moved to quash the rule and dismiss the petition. After argument this motion was denied, and it was ordered that the alternative writ of mandamus should issue. To the alternative writ the defendant filed a return. At the next term a motion was filed by the plaintiff below to quash the defendant's return on the ground that the same was insufficient in law. After hearing argument the court decided the motion and refused to quash the return, whereupon the plaintiff sued out his writ of error, assigning as error the decision of the court below refusing to quash the return.

[2] It is well settled in this state that a motion to quash the defendant's return is good practice in mandamus; and it is just as well settled that the return of the defendant to the alternative writ is taken to be conclusive of the facts stated in said return. The only question that remains, therefore, in such case for the defendant, is whether the statements contained in the return are sufficient in law to prevent the issuance of the per_

emptory writ. The court in the case at bar decided that the statements contained in the return of the defendant to the alternative writ were sufficient, and the plaintiff was, therefore, concluded from taking any further action or proceeding in the suit in the court below.

While the case of *Church v. Sanders* rules the present one, and no other authority need be cited, it may be observed that the decision in that case appears to be in harmony with other well considered cases upon the subject of final judgments upon which writs of error may issue or appeals be taken. The record in this case discloses that the court below did *render a decision* refusing to quash the defendant's return to the alternative writ, and that is sufficient to make the proceeding one of a final character. It is not required that there shall be the formal entry or rendition of a judgment; neither is it necessary that any particular form of words be used, or that the technical terms usually employed in the rendition of a judgment be employed.

The defendant in his brief very correctly and clearly concedes the law upon this point to be as follows: "That the form of the judgment is not very material, provided that in substance it shows distinctly and not inferentially that the matter has been determined in favor of one of the litigants, or that the rights of the parties in litigation have been adjudicated."

The important point is whether the decision rendered puts an end to the action in that court.

In *Johnson v. Gillett*, 52 *Ill.* 358, the court said: "An inspection of the record from the county court, shows that no formal judgment was rendered in the cause, not even for costs, but the claim presented was, by the consideration of the court, rejected. This was absolute, and was, in effect, a judgment against the claimant. It was held long ago, by this court, that no particular form was required in the proceedings of an inferior court to render their order a judgment. It is sufficient if it be final, and the party may be injured."

In *Elliott on Appellate Procedure*, § 84, under subheading, "Requisites of a Final Judgment," it is said: "A judgment may be final in such a sense as to authorize an appeal, although it may

create no lien and may be, in some respects, vague and uncertain, for the strict rule which applies where the question is as to the sufficiency of a judgment does not always govern where the question is simply as to the right of appeal.    There is a distinction between the two classes of cases, for there may often be an appeal from an order so defective in form as not to be sufficient to support an action upon it, or so defective as not to be strong enough to resist a direct assault.    The test, to outline it in a rough way, is not whether the order will support a complaint upon it as a judgment, or create a lien or resist a direct attack, but whether it puts an end to the particular case as to all the parties and all the issues."

The motion to dismiss the writ of error is overruled.