*In re* ESTATE OF GEORGE E. OLIVER, Deceased, Appellant.—(RICHARD C. WILDERMUTH *et al.*, Claimants-Appellees.)

Third District   No. 77-41

Opinion filed July 7, 1977.

James E. Whitmire, Jr., of McGehee, Boling & Whitmire, Ltd., of Silvis, for appellant.

James J. Gende, of Moline, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the Circuit Court of Rock Island County. The underlying basis for this appeal involves a claim filed against the estate of George E. Oliver, deceased, after the six-month period for the filing of

claims had expired. The estate assets were inventoried within the requisite statutory period of time; however, the clerk of the court failed to publish notice to creditors as required by statute. An objection was filed to the claim on the grounds that it was not timely filed and, after hearing, the trial court ruled that because the clerk of the court had failed to publish the notice to creditors the claimants, Richard C. Wildermuth and others, could perfect their claim against estate assets. From this order of the trial court this appeal ensued.

The sole issue to be determined is whether the failure to present a claim within six months after the issuance of letters testamentary bars participation in the distribution of estate assets where the notice to creditors required by statute was not published.

In short, we are called upon to determine the intent, effect and purpose of section 194 of our Probate Act, which provides:

"It is the duty of the clerk of the court to publish once each week, commencing within 30 days after the issuance of letters testamentary or of administration, for 3 successive weeks, a notice informing all persons of the death of the decedent, the date of issuance of the letters, the name and address of the executor or administrator and of his attorney and that claims may be filed within 6 months from the date of issuance of the letters and that any claim not filed within that period is barred as to the estate which is inventoried within that period. The notice shall be published in a newspaper published in the county where the estate is being administered." (Effective date October 1, 1972.) Ill. Rev. Stat. 1973, ch. 3, par. 194.

In the instant case the executor of the decedent's estate contends that the claims of the claimants are barred since they were not filed within the six-month limitation period and relies on the case of *People ex rel. Markham v. White* (1849), 11 Ill. 341. We concede that the case of *Markham* appears to support the executor's contention since the supreme court in that case stated, "The omission of the administrator to give notice does not relieve the creditors from the necessity of presenting their demands." We, however, harbour serious doubts as to whether the case of *Markham* expresses the law applicable today some 128 years later. In another case of some antiquity, namely, *Johnson v. Gillett* (1869), 52 Ill. 358, 363, wherein the subject matter was the payment of a claim, the reviewing court stated, "Another objection might be urged, but it is not, that no notice was given by the administrator to creditors of the estate to present their claims, on a day named, for adjustment. The object of this is to enable the administrator to know the true condition of the estate as to its solvency, and when known, to be guided thereby in paying the claims, whether in full or *pro rata,* * * *."

In the instant case the executor cites other cases in support of his contention that failure to file a claim within the six-month limitation period bars the claims even though there was an absence of the statutorily required notice by publication. These cases so relied on are *Messenger v. Rutherford* (1967), 80 Ill. App. 2d 25, 225 N.E.2d 94; *Schloegl v. Nardi* (1968), 92 Ill. App. 2d 302, 234 N.E.2d 558; and *Austin v. City Bank of Milwaukee* (1937), 288 Ill. App. 36, 5 N.E.2d 585. Without making a detailed analyzation of these cases we deem it sufficient to note that none of them presented an issue concerning the absence of publication.

While it is true that the language of the present section 194 of our probate act states that "[i]t is the duty of the clerk of the court to publish" and the executor in the instant case classifies this language as discretionary only, it should be noted that the mandatory language "The notice shall be published in a newspaper \* \* \*" appears in section 194 of The Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 194), and the same language was employed in this section as amended in 1963 and 1967.

The issue presented in this appeal might well be disposed of by statutory construction and a determination of the legislative intent; however, a far more compelling basis is present upon which we should predicate our determination, and that basis is the constitutional requirement of procedural due process. The central meaning of "procedural due process" is that parties whose rights are to be affected are entitled to be heard and, in order that they may enjoy that right, they must be first notified. This procedural due process protection stems from the fourteenth amendment of the United States Constitution. See *Fuentes v. Shevin* (1972), 407 U.S. 67, 32 L. Ed. 2d 556, 92 S. Ct. 1983; *Schroeder v. City of New York* (1962), 371 U.S. 208, 9 L. Ed. 2d 255, 83 S. Ct. 279; and *Mullane v. Central Hanover Bank & Trust Co.* (1949), 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652.

For the reasons set forth the judgment of the Circuit Court of Rock Island County is affirmed.

Affirmed.

ALLOY, P. J., and BARRY, J., concur.