## Jerome P. Drobnick and Joseph J. Drobnick, Appellants, v. Duse Rollery, Appellee.

### Gen. No. 66–120.

Second District.

July 26, 1967.

Mark Drobnick, of Waukegan, for appellant.

John E. Schultz, of Waukegan, for appellee.

MR. JUSTICE O'SULLIVAN delivered the opinion of the court.

This is an appeal from the Circuit Court of Lake County, wherein the appellants filed a Complaint for specific performance of an oral contract for the purchase of real estate. The defendant filed a Motion to Dismiss the Complaint under section 48, chapter 110, Illinois Revised

Statutes, stating that the claim and demand, asserted in the Complaint, was unenforceable under the Statute of Frauds, and supported the Motion by Affidavits. The plaintiffs filed Counteraffidavits. The court granted the Motion to Dismiss the Complaint and ordered the Complaint dismissed with prejudice. From this Order the plaintiffs filed this appeal.

The Complaint in this case, filed February 1, 1966, by plaintiffs, Jerome P. Drobnick and Joseph J. Drobnick, against defendant, Duse Rollery, also known as Dusolina Rollery, alleges that on April 27, 1964, defendant orally agreed to sell to plaintiffs two vacant, unimproved lots for the sum of Six Thousand Dollars; that this oral contract was reaffirmed on May 4, 1964, at the home of and in the presence of the daughter of defendant; that as a result of this on the next day, May 5, 1964, plaintiffs mailed to defendant a written Real Estate Contract, a check in the amount of One Thousand Dollars as earnest money, and a cover letter; that defendant failed to advise plaintiffs that she had changed her mind, and plaintiffs proceeded to move onto other adjoining lots a drive-in restaurant building, formerly located in Waukegan, Illinois, with the intention of using the two lots in question for parking; that as plaintiffs took possession, they also ordered a title report from Chicago Title and Trust Company and advised defendant of such fact; that plaintiffs on reliance of defendant's statement that she would sell to them the two lots in question for the sum of Six Thousand Dollars, which said two lots with four other similar lots on the north adjoining therefrom would constitute a desirable site, onto which to move a building and remodel and add thereto, did expend large sums of money in preparing the lots for a drive-in restaurant; that on May 6, 1964, plaintiffs mailed a letter to defendant, inquiring whether she had yet in her possession the old Title Policy, and advising her of their placement of a title order of the lots in question

and the other four lots; that again, on May 11, 1964, plaintiffs mailed to defendant a letter, inquiring whether she had any surveys in her possession, and advising her of the problems of missing lot corners, which the engineering and survey firm had encountered; that after receipt of the title report plaintiffs advised defendant that they were ready to pay her off in full and close this transaction; that subsequently because of a need to obtain finances a Deed was needed from defendant, and after first ascertaining that the One Thousand Dollar earnest money check had not already cleared through plaintiffs' joint account on June 8, 1964, plaintiffs obtained Six Thousand Dollars in cash for the express purpose of paying defendant for her two lots, which total sum of Six Thousand Dollars was then so tendered to defendant at her daughter's home; that plaintiffs made repeated demands on defendant to complete the agreement and give plaintiffs a signed Deed; that defendant has not performed the terms and conditions of said agreement and has failed to do so; and that plaintiffs bring this suit and ask that a Decree of the Court order defendant to specifically perform the agreement as set forth in the Complaint.

To the Complaint defendant filed a Motion to Dismiss, supported by Affidavits of defendant and her daughter. Defendant avers in her Affidavit that she never entered into or made an oral contract with plaintiffs on any date or at any time and place, whereby she agreed to sell the property in question for the price of Six Thousand Dollars or at any price or on any terms or conditions whatsoever; that plaintiffs had on many occasions telephoned her, wrote letters to her, and personally called upon her at the home of her daughter, where she, defendant, resides, in attempts to persuade her to sell said property; that plaintiffs mailed contracts and Deeds to her, asking that she sign said documents, but she always refused to do so and still refuses; that they mailed a

456

One Thousand Dollar check to her, which was returned to them by her daughter at her direction; that they also offered her Six Thousand Dollars in cash for the purchase of the property, but she never was willing to accept this amount from these people or any other amount for the sale of the property; that she never consented nor allowed plaintiffs to take possession of her property, and if they had taken possession, it was against her wishes, and she wanted them to get off the property immediately; and that at no time had she ever consented to plaintiffs doing any of the things alleged in their Complaint.

The Affidavit of Mrs. Eugene Cubbage, defendant's daughter, restates all the facts, set forth in the Affidavit of defendant, and it further states that plaintiffs on numerous occasions by mail, telephone, and personally had unduly harassed defendant, thereby trying to induce defendant to sell; that as a result of said harassment defendant hired an attorney, who advised plaintiffs by letter that the property was not for sale; and that defendant never consented to plaintiffs taking possession of the property, ordering a title report, moving a building onto the property, or allowing commencement of construction on the property.

Plaintiffs then filed Counteraffidavits. At no place in the Counteraffidavits of either plaintiff do they state that they entered upon the property of defendant with her knowledge or consent.

The plaintiffs urged certain grounds for the reversal of the judgment of the trial court.

■ The first point was that the court erred in granting the Motion to Dismiss, because there are disputed questions of fact involved, which require an Answer to be filed and a full hearing and trial on the facts as well as the law. Section 48 of the Civil Practice Act, chapter 110, Illinois Revised Statutes, specifically provides that the defendant may file a Motion to Dismiss the ac-

tion on the ground that the claim or demand asserted is unenforceable under the provisions of the Statute of Frauds and support the Motion by Affidavits. Paragraph 3 thereof provides that if upon hearing of the Motion the opposite party presents Affidavits, denying the facts alleged or establishing facts obviating the grounds of defect, the court may hear and determine the same and may grant or deny the Motion. The same paragraph further provides that if a material and genuine disputed question of fact is raised, the court may decide the Motion upon the Affidavits and evidence, offered by the parties. It is therefor perfectly clear that the court did not err in granting the defendant's Motion to Dismiss, because there are genuine disputed questions of fact involved and raised by the Complaint, Affidavits, and Counteraffidavits. The cases, cited by plaintiffs in their argument, apply to summary judgments and do not apply to this case.

The second point, raised by plaintiffs, is that part performance, possession, and estoppel takes this case outside of the Statute of Frauds. The plaintiffs rely on part performance and possession to establish their alleged oral contract and to remove it from the operation of the Statute of Frauds. The Affidavits, supporting defendant's Motion to Dismiss, state that defendant never consented to, allowed, or had knowledge that plaintiffs had taken possession of her property. Furthermore, the Affidavits state that at no time did defendant consent to plaintiffs doing any acts of part performance, on which they rely. The Counteraffidavits of plaintiffs do not deny, contradict, allege, or state that defendant had such knowledge, or that she gave consent. The Supreme Court in the case of Pocius v. Fleck, 13 Ill 2d 420, at page 426, 150 NE2d 106, stated as follows:

"If performance and possession are relied upon to establish the contract and remove it from the ap-

plication of the Statute of Frauds, the proof must be clear and convincing that the promisee went into possession under the contract and made valuable improvements upon the property with his own means and upon the faith of the promise and with the knowledge of the promisor."

The plaintiffs failed to state or allege any terms of the oral contract, other than the price of Six Thousand Dollars. There were no oral terms or agreements as to possession. There were no oral terms or agreements, which allowed plaintiffs to make any improvements on the two lots, or whereby the property should be surveyed by plaintiffs. The Supreme Court in the case of Weir v. Weir, 287 Ill 495, at pages 501 and 502, 122 NE 868, stated as follows:

"A verbal contract for the conveyance of land, to be capable of enforcement, must possess all the elements and features necessary to the specific performance of any agreement, except the written memorandum required by the Statute. (4 Pomeroy's Eq Jur—3d ed—sec 1409, note 1.) Such a contract to be in force must be certain and must be concluded,—that is, the parties must have 'agreed on the same terms and mutually signified their assent to them. If what passed between them was but treaty or negotiation, or an expectation of a contract, or an arrangement between them of an honorary nature, no specific performance can be had.' (Tryce v. Dittus, 199 Ill 189.) The rule is settled in this State that a parol contract for the conveyance of real estate will not be specifically enforced in a court of equity, unless it appears to be certain, definite, and unequivocal in its terms; that to take it out of the Statute of Frauds on account of part performance all acts performed there-

under must be clear and definite and referable exclusively to the contract; that the proof, upon which the conveyance is asked, must be established so convincingly as to leave 'no reasonable doubt in the mind of the Court.' (Lonergan v. Daily, 266 Ill 189, and cases there cited.)"

The plaintiffs also raise the question of estoppel. Neither the Complaint nor the Counteraffidavits of plaintiffs set forth or allege any words or conduct by defendant, amounting to a wilful misrepresentation or concealment of a material fact. Thus, the doctrine of equitable estoppel does not apply in this case.

█ In view of the fact that plaintiffs are attempting to obtain specific performance of an oral contract for the purchase of real estate, and in view of the fact that possession of the property was obtained without knowledge or consent of defendant, we are of the opinion that the judgment of the Circuit Court of Lake County is correct, and that the court did not err in dismissing the Complaint. Therefore, the judgment below is hereby affirmed.

Judgment affirmed.

DAVIS, P. J. and ABRAHAMSON, J., concur.