THE VILLAGE OF RIVERWOODS, Plaintiff-Appellee, *v.* ETHEL UNTERMYER, Defendant-Appellant.

Second District   No. 76-339

Opinion filed November 21, 1977.

Paul E. Hamer, of Northbrook, for appellant.

Alfred W. Lewis, of Waukegan, for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:

The Village of Riverwoods (hereinafter the "village") brought this action against Ethel Untermyer (hereinafter the "defendant") to recover a fine for defendant's violation of the village's Ordinance No. 187, entitled "An Ordinance Regulating the Use of Septic Tanks and Fields and Connection to the Sanitary Sewage System of the Village of Riverwoods." The village's complaint alleged that it had been feasible since June 1, 1973, for the defendant to connect her premises into the village's sanitary sewer system, but that the defendant had continued to dispose of sewage from her premises by means of a septic tank and septic field. Defendant filed an answer and 12 affirmative defenses to the village's complaint. The village filed a response and a motion to strike some of defendant's affirmative defenses. The trial court allowed the village's motion and struck 11 of the 12 affirmative defenses.

A trial was held and defendant's final affirmative defense was litigated. At the trial, the village presented the testimony of its engineer who supervised the construction of the sanitary sewer system in the village. His testimony established that as late as three weeks before trial the defendant's property was serviced by a stub and that he (the village engineer) knew the defendant had never connected her property to the sanitary sewer system provided by the village. The trial court entered judgment in favor of the village and fined the defendant $350 and costs for defendant's daily violation of the ordinance from June 1, 1973, to the entry of its order, at $25 per day. Defendant appeals from the entry of this order and the orders dismissing her affirmative defenses.

The ordinance, which was enacted on February 19, 1973, noted on its face that it was published on February 22, 1973. The ordinance stated that there was a serious health problem created by the use of septic systems in

poor soil areas of the village and that the village was constructing sanitary sewer systems in those areas to alleviate this problem. Under the village's ordinance the disposal of any sewage by means of septic tanks and septic fields from premises in the village which were serviced by its sanitary sewer system was declared a nuisance. However, the ordinance was inapplicable to premises where the connection with the sewer system was not feasible. The ordinance further provided that after June 1, 1973, connection was feasible for any premises which were serviced by a stub or "T" opening into the village's lateral sewage lines. Section 2 of the ordinance required all premises in the village to abandon the use of any but approved sewage disposal systems where the premises were serviced by a stub or "T" opening into the village's lateral sewage lines by June 1, 1973. Section 3 provided for a fine not to exceed $25 per day for each day a violation continued.

Defendant presents two issues for review by this court. First, defendant contends this ordinance is unconstitutional because it violates the due process and equal protection clauses of both the Federal and State constitutions. Secondly, defendant argues that the trial court erred in striking the affirmative defenses asserted by the defendant. We disagree. We will discuss first the merits of defendant's due process and equal protection arguments.

Defendant's due process contention is that the ordinance is vague and indefinite because the terms "feasible" and "water-closet or privy," as well as the phrase "by processing by means of Illinois Environmental Protection Agency licensed process (specifically excluding without limiting the generality of the foregoing, septic tanks and fields) is hereby declared to be a nuisance," convey no reasonably clear and definite meaning and therefore the ordinance is void. Defendant's equal protection argument is that the ordinance in question denied her equal protection of the law because it only applied to a portion of the village, while septic tanks and fields were permitted in the rest of the village.

We will deal first with the merits of defendant's due process argument. Section 1 of the ordinance provides that:

"Disposal by means of septic tanks and septic fields of any sewage from premises in the Village of Riverwoods to be serviced by the system of sanitary sewers or disposal in any other manner other than by discharge of the same into the sewage system of said Village or by processing by means of Illinois Environmental Protection Agency licensed process (specifically excluding without limiting the generality of the foregoing, septic tanks and fields) is hereby declared to be a nuisance; every water-closet or privy not so disposing of sewage effluent is hereby declared to be a nuisance, provided this ordinance shall be inapplicable to premises where

connection with the sewage system is not feasible. Such connection with the sewage system is hereby declared to be feasible on or after June 1, 1973, as to any premises serviced by a stub or 'T' opening into the Village lateral sewage lines."

■■ ■ We disagree with defendant's contention that the term "feasible" is vague and indefinite as used in this ordinance. The Supreme Court has held that "[t]o avoid the constitutional vice of vagueness, it is necessary, at a minimum, that a statute give fair notice that certain conduct is proscribed." (*Rabe v. Washington* (1972), 405 U.S. 313, 315, 31 L. Ed. 2d 258, 260, 92 S. Ct. 993, 994, *rehearing denied* (1972), 406 U.S. 911, 31 L. Ed. 2d 822, 92 S. Ct. 1604.) Here we think that the ordinance does give such fair notice. The village specifically states in the ordinance that connection with the village's sewer system will be "feasible for any premises serviced by a stub or 'T' opening into the Village lateral sewage lines." A person of ordinary intelligence would not guess at the meaning or applicability of "feasible" as used in this ordinance. Instead, a person of ordinary intelligence would have fair notice that it is feasible to connect his premises to the village's lateral sewage lines when his premises are serviced by a stub or "T" opening. Thus, the within term, "feasible," is not so vague or indefinite as to deny the defendant due process of law.

The defendant's second contention that the term "water-closet or privy" is vague or indefinite is also without merit. As used in this ordinance, every water-closet or privy which did not dispose of sewage effluent by either the village sewage system or by processing means approved by the Illinois Environmental Protection Agency was declared to be a nuisance where connection with the village's sewage system was feasible. The term "water-closet" is defined in Webster's New Collegiate Dictionary (1976) as "1: a compartment or room for defecation and excretion into a toilet bowl: bathroom 2: a toilet bowl and its accessories." "Privy" is likewise defined in Webster's New Collegiate Dictionary (1976) as "a: a small building having a bench with holes through which the user may evacuate and usu. lacking means of automatic discharge b: toilet." The terms "water-closet" and "privy" as defined by *Webster's* leave no room for amplification by this court. It is sufficient to note that these two terms as used in this ordinance are sufficiently clear that any person affected by this ordinance would have "a reasonably clear idea of what the law requires of them." (*Franklin v. First Money, Inc.* (E.D. La. 1976), 427 F. Supp. 66, 67.) Thus, the term "water-closet or privy" is not so vague or indefinite as to deny the defendant due process of law.

■■ Defendant's third argument that the phrase "by processing by means of Illinois Environmental Protection Agency licensed process (specifically excluding without limiting the generality of the foregoing, septic tanks and fields) is hereby declared to be a nuisance" is vague and

indefinite, is also without merit. Defendant basically contends that the use of septic tanks has been approved by the Illinois Environmental Protection Agency and thus the village's exclusion of this approved process renders its ordinance vague and indefinite. Defendant further argues that she could have installed a cavitette for a fraction of the installation costs which defendant will ultimately have to pay to connect her premises to this sewage system. While these arguments are informative to this court, they are irrelevant as to whether this phrase in the ordinance is unconstitutionally vague or indefinite. An analysis of this clause clearly establishes that the village had determined that all sewage processing means which were approved by the Illinois Environmental Protection Agency would be permissible under this ordinance, except for septic tanks and fields. This clause of the ordinance is neither vague nor indefinite by any standard of evaluation because it gives the defendant "fair notice that certain conduct is proscribed" (*Rabe v. Washington* (1972), 405 U.S. 313, 315, 31 L. Ed. 2d 258, 260, 92 S. Ct. 993, 994) and notes with specificity and clarity that certain means of processing sewage are permissible. Therefore we find that this phrase is neither vague nor indefinite and this ordinance does not violate defendant's rights to due process.

■■ Defendant's equal protection argument is that the ordinance is invalid because it is only enforced in a portion of the village, while septic tanks and fields are permitted in the rest of the village. Defendant contends that the installation of a public sewage system in only her portion of the village amounts to discrimation against her and a violation of her equal protection rights under the law. Defendant cites *Hawkins v. Town of Shaw* (5th Cir. 1971), 437 F.2d 1286, as controlling authority in this matter. However, we consider *Hawkins* inapposite. In *Hawkins* the clearly discriminatory actions of the town's public officials in providing complete municipal services to nearly 99 percent of the white homes, while nearly the entire black population did not have paved roads and 20 percent of the black neighborhoods was not served by a sanitary sewer system, was found to give rise to a denial of equal protection in a class action by the Negro citizens of Shaw, Mississippi. In the instant case, defendant has not demonstrated any invidious discrimination such as was demonstrated in *Hawkins*. On the contrary, defendant has shown that the village has installed a sewage system in her area of the village, but not that the village has discriminated against her and her property in violation of her equal protection rights.

The Supreme Court succinctly set forth the standards in which an ordinance or statute is analysed to determine whether the ordinance violates the equal protection clause of the fourteenth amendment to the United States Constitution in *McGowan v. Maryland* (1961), 366 U.S. 420,

425-26, 6 L. Ed. 2d 393, 399, 81 S. Ct. 1101, 1105, where the court stated that:

"[T]he Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. [Citations.]"

It appears to this court that the village could reasonably find the installation of a sewage system throughout this section of the village was necessary to correct a serious health problem created by the use of septic tanks or septic fields. The correction of a serious health problem, was, in fact, stated on the face of the ordinance as being one of the reasons why the ordinance was needed. In addition, a conglomeration of septic tanks and septic fields in a fast-growing municipality certainly would appear to have a detrimental effect on the growth and over-all modernization of a community today. Here, requiring defendant to hook up with the village's sewage system or pay a fine for failure to do so also " '* * * does not offend the Constitution simply * * * "* * * because in practice it results in some equality." [Citation]. * * *' " *Jimenez v. Weinberger* (1974), 417 U.S. 628, 632, 41 L. Ed. 2d 363, 368, 94 S. Ct. 2496, 2500.

This court notes the problems that could accrue if property owners, like the defendant, were permitted to refrain from connecting their premises to a village sewage system are far greater in terms of health problems and the municipal financing of such a project than the problems accruing if the defendant were required to connect her premises to the sewage system. Here, because there "has been no indication of the unreasonableness" (*McGowan v. Maryland*, 366 U.S. 420, 428, 6 L. Ed. 2d 393, 400, 81 S. Ct. 1101, 1106) of the village's installation of its sewage system in defendant's portion of town or of any "invidious discrimination" (*McGowan*, 366 U.S. 420, 427, 6 L. Ed. 2d 393, 400, 81 S. Ct. 1101, 1106) in requiring the defendant to connect her premises or pay a fine for her failure to do so, we cannot say that this ordinance does not provide equal protection of the laws.

Defendant's second main issue raised on appeal is that the trial court erred in striking her 11 affirmative defenses. We disagree. The trial court struck affirmative defense No. 2, wherein defendant alleged that her septic field was in good working condition and that the ordinance declared to be a nuisance under the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 11—60—2) that which was not a nuisance in fact.

Defendant's basic argument is that a municipality is without authority to declare something to be a nuisance which in fact is not one. (*Village of Des Plaines v. Poyer* (1888), 123 Ill. 348.) Defendant is incorrect in this contention both statutorily and at common law. First, by statute, under section 11—60—2 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 11—60—2) each municipality may "define, prevent, and abate nuisances." Also, each municipality under section 11—109—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 11—109—1) is given the authority to "regulate the use of culverts, drains, sewers, and cesspools." In addition, under section 11—20—5 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 11—20—5) each municipality is given the authority to regulate the design and installation of plumbing systems where it is necessary for the promotion of the public health or the suppression of diseases.

■■ Any municipality, also, has the common law power to abate a nuisance. (*City of Chicago v. Nielsen* (1976), 38 Ill. App. 3d 941, 349 N.E.2d 532.) A municipality has the power to declare anything a nuisance, which is either a nuisance per se, a nuisance at common law or statute. A municipality also has the authority to regulate as a nuisance anything in which there could be an honest difference of opinion if, in the municipality's opinion, such item constitutes a nuisance. (*Village of Arlington Heights v. Schroeder* (1975), 28 Ill. App. 3d 1, 328 N.E.2d 74.) In addition, the Illinois Supreme Court has declared that in doubtful cases, where it is questionable whether or not something is a nuisance, the municipality's decision will be conclusive unless its judgment and use of discretion is clearly erroneous. (*City of Nokomis v. Sullivan* (1958), 14 Ill. 2d 417, 153 N.E.2d 48.) Thus, the Village of Riverwoods' decision that defendant's septic tank and field is a nuisance is conclusive unless its judgment and use of discretion is clearly erroneous. We have examined the record and have determined that the municipality's decision on a difficult question was not clearly erroneous. The municipality inspected defendant's septic tank and field and determined that it was, in its opinion, a nuisance. In light of the installation of its new sewer system and its inspection of the septic tank and field, we cannot say that its decision was clearly erroneous. Therefore the trial court properly dismissed defendant's second affirmative defense.

■■ Defendant's third affirmative defense alleged that the ordinance was not published in accordance with the law. We disagree. Defendant contends the ordinance is void and of no effect because the ordinance was not properly published as required by a recent Illinois Supreme Court decision in *Homefinders, Inc. v. City of Evanston* (1976), 65 Ill. 2d 115, 357 N.E.2d 785, and sections 1—2—4 and 1—2—5 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, pars. 1—2—4 and 1—2—5).

In *Homefinders* (65 Ill. 2d 115, 124-26), there was no evidence admitted that the ordinance had been published in the certification of the circuit clerk. In addition, the ordinance showed on its face the date of introduction, adoption and approval, but gave no date of publication, which the ordinance by its terms specifically required for it to have in order for it to become effective. Thus, the ordinance was held to be ineffective. Defendant contends that the proof of publication introduced by the village in our case fails to establish that this ordinance was published in a manner as required by law. On the face of Ordinance No. 187 it is stated that the ordinance was "published February 22, 1973." This ordinance, with the publication noted on it, is certified and signed by the corporate clerk under the corporate seal of the Village of Riverwoods. Defendant contends this is not enough and the village should be required to publish its ordinance only in a statute or book form. We disagree. Section 1—2—6 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 1—2—6) provides that "[t]he contents of all municipal ordinances, the date of passage, and the *date of publication* or posting, where required, may be proved by the certificate of the municipal clerk, under the seal of the corporation." (Emphasis added.) The legislature obviously determined that it was enough for the various clerks of a municipality to prove by their certificate under the seal of the corporate municipality that an ordinance was published. To adopt defendant's view, every document certified by the municipal clerk under its corporate seal would have no value in a court of law. In addition, the legislature also provided under section 1—2—6 of the Illinois Municipal Code that "municipal ordinances [which] are printed in book or pamphlet form, and purport to be published by authority of the corporate authorities, such book or pamphlet shall be prima facie evidence of the contents, passage, and legal publication of such ordinances, as of the dates mentioned in such book or pamphlet, in all courts and administrative tribunals." Thus, it is clear that the legislature intended that the publication of a municipal ordinance could be established as prima facie evidence in all courts and administrative tribunals by the introduction of the ordinance certified by the clerk of the municipality and under the municipality's corporate seal or by the introduction of the book or pamphlet in which the ordinance is published under the authority of the corporate municipality. Therefore the trial court properly dismissed the defendant's third affirmative defense which asserted that the ordinance in question was not published in accordance with the law.

■■ Defendant's basic contention with regard to the trial court's striking of the remainder of her affirmative defenses is that she would like a hearing to properly prove each of her affirmative defenses. Generally, all facts that are well pleaded are to be construed as true in determining,

on appeal, the propriety of an order dismissing an affirmative defense. (*Haley v. Merit Chevrolet, Inc.* (1966), 67 Ill. App. 2d 19, 214 N.E.2d 347.) However, the trial court is not precluded from granting a motion to dismiss raised by either party where there are questions of fact raised by the complaint, answer, affidavits, or counteraffidavits. *Drobnick v. Rollery* (1967), 85 Ill. App. 2d 454, 229 N.E.2d 10.

■■ We have reviewed the entire record and the remainder of defendant's affirmative defenses. It would serve no useful purpose to reiterate at length these remaining affirmative defenses raised by the defendant and properly dismissed by the trial court. For the most part, defendant's remaining affirmative defenses reveal a bitter dispute between the parties and the defendant's desire to protest in any way possible the actions of the Village of Riverwoods in installing a sewer system. This is defendant's right, but it is not this court's duty to lend credence to her allegations by discussing at length points that are not at issue in this cause, allegations that are merely conclusive in nature, or pleadings which are insufficient on their face. (Ill. Rev. Stat. 1975, ch. 110, par. 43.) Thus, we find that the trial court properly dismissed the defendant's affirmative defenses.

Accordingly, the orders of the trial court dismissing defendant's affirmative defenses and the order of the trial court entering judgment in favor of the village and assessing a fine of $350 plus costs against the defendant in violation of Ordinance No. 187 are hereby affirmed.

Judgment affirmed.

RECHENMACHER, P. J., and GUILD, J., concur.