RICHARD R. HOUPT *et al.*, Plaintiffs-Appellees, *v.* THE COUNTY OF STEPHENSON, Defendants-Appellants.

Second District   No. 77-382

Opinion filed September 11, 1978.

William E. Sisler, State's Attorney, of Freeport, for appellants.

R. B. Holtan, of Holtan & Garrity, of Freeport, for appellees.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

Richard R. and Norma J. Houpt brought an action seeking a declaratory judgment and injunctive relief against the County of Stephenson prohibiting the County from applying the Stephenson County ordinance on private sewer disposal to the Houpts' property. The trial court entered a judgment declaring that the ordinance should not be enforced against the Houpts and the County of Stephenson appeals; at issue are the questions of whether the ordinance is, on its face, applicable to the Houpts' property, and whether application of the ordinance to the Houpts' property constitutes a reasonable exercise of the County's police power.

Section 2.10 of the Stephenson County ordinance entitled "Private Sewage Disposal" provides that the ordinance "applies only to subdivisions, cities, villages and new construction." Section 2.11 of the ordinance states that:

"No outside vault, privy, chemical closet, cesspool, seepage pit or private sewage disposal system of any kind shall be constructed or maintained on any premises abutting on a street, alley or easement in which there is a public sewer. Any premises served by a public sewer shall have an individual connection with such sewer."

The facts in this case are undisputed. In December of 1971, a septic system was installed on property in the Park Crest Subdivision, just outside of the City of Freeport. On June 22, 1972, the Stephenson County Board adopted the ordinance set forth above. On September 1, 1972, the Houpts purchased their property in the Park Crest Subdivision. Sometime

later the property owners along the 1900 and 2000 blocks of West Revere Street, which fronts the Houpts' property, established an escrow fund to finance a sewer line which would be connected to the sewer system of the City of Freeport. The appropriate permits for this sewer project were issued by the Illinois Environmental Protection Agency on May 28, 1974, and in July of 1974, the sewer lines on West Revere Street were completed and accepted by the City of Freeport as part of that municipality's sewer system. On April 19, 1974, the Stephenson County Health Department sent a letter to the Houpts, citing the Private Sewage Disposal Ordinance, and ordering the Houpts to connect their "house sewer" to the "public sewer" on West Revere Street. The Houpts responded by filing this action.

It was also undisputed that the septic system located on the Houpts' property is in perfect working order and that no effluent escapes on the surface of their property or upon the property of anyone else; it would cost the Houpts $902 to hook on to the Revere Street sewer.

■■ The threshold question in this case is whether the ordinance is, on its face, applicable to the Houpts' property. The Houpts have argued that the ordinance does not apply since it is applicable only to "new construction." However, the ordinance is phrased in the disjunctive, applying to "subdivisions, cities, villages *and* new construction" (emphasis added): since the Houpt property is part of a subdivision, it clearly falls within the ambit of the ordinance.

■■ The Houpts have argued that even if the ordinance was applicable to their property, their failure to hook up to the West Revere Street sewer line would not constitute a violation, since that line was constructed wholly with private funds and is therefore not a "public sewer" within the meaning of the ordinance. The County has responded by noting that the parties stipulated that the sewer was "accepted" by the City of Freeport and that the West Revere Street sewer line is clearly a part of a "public system." The ordinance was obviously designed to promote public health and welfare by dealing with the problem of waste discharge and management in a growing community (see *Village of Riverwoods v. Untermyer* (1977), 54 Ill. App. 3d 816, 821); in general, when a statute or ordinance promotes the public health or welfare, it should be construed liberally. (See *May v. Pollution Control Board* (1976), 35 Ill. App. 3d 930, 933.) Although the West Revere Street sewer project was privately initiated and financed, it is physically a part of the Freeport sewer system. The fact that the sewer was privately initiated and financed is essentially irrelevant to the objective of the ordinance, which was obviously the reduction of the number of septic systems in subdivisions, etc. in the County. There has been no showing that the Houpts faced any impediment in connecting to the West Revere Street sewer line, other

than the expense which was involved. Placing the appropriate liberal construction on the ordinance, we therefore hold that the West Revere Street sewer is a "public sewer" within the meaning of the Private Sewage Disposal Ordinance.

The final issue in this case is whether the application of the ordinance to the Houpt property is a reasonable exercise of the County's police power. Stephenson County has argued that the ordinance is not unreasonable, since it "serves the paramount public interest in dealing with the sanitation problem inherent in a subdivision's higher density." The Houpts assert that such an application would be highly unreasonable, emphasizing the fact that the septic system was installed prior to the enactment of the ordinance and that the system is in "perfect working order and causes no difficulty for anyone."

In our view, the application of the Private Sewage Disposal Ordinance to the Houpts' property is not unreasonable. In *Hutchinson v. City of Valdosta* (1913), 227 U.S. 303, 57 L. Ed. 520, 33 S. Ct. 290, the court sustained an ordinance which required that property owners residing upon streets along which sewer mains had been laid install water closets and connect them to the public sewer, even though the absence of such a connection would in no way constitute a nuisance or health hazard, the court noting that "[i]t is the commonest exercise of the police power of a state or city to provide for a system of sewers, and to compel property owners to connect therewith." (227 U.S. 303, 308, 57 L. Ed. 520, 523, 33 S. Ct. 290.) In *City of Nokomis v. Sullivan* (1958), 14 Ill. 2d 417, a similar ordinance was sustained, the court rejecting any theory that because there are conditions under which septic systems may be useful facilities, their use can never be prohibited without a showing that the particular cesspool involved is itself offensive or hazardous to public health, since "[t]o protect the public health * * *, a legislative body may adopt 'the most conservative course which science and engineering offer.' [Citation.]" 14 Ill. 2d 417, 422.

■■■ In the case at bar, the application of the Private Sewage Disposal Ordinance to the Houpts' property was a reasonable exercise of the County's police power and holding that the ordinance could not be retroactively applied, or applied to property which is not shown to constitute a nuisance or health hazard, would severely inhibit Stephenson County's ability to engage in comprehensive waste management.

For the foregoing reasons, the judgment of the circuit court of Stephenson County is reversed.

Judgment reversed.

NASH and WOODWARD, JJ., concur.