**Pearl ALPERSTEIN, et al.,
Plaintiffs-Appellants,**

v.

**THREE LAKES WATER AND
SANITATION DISTRICT,
Defendant-Appellee.**

No. 84CA0512.

Colorado Court of Appeals,
Div. I.

Aug. 22, 1985.
Rehearing Denied Sept. 19, 1985.
Certiorari Denied Dec. 16, 1985.

Cogswell and Wehrle, John M. Cogswell, Julian M. Izbiky, Denver, for plaintiffs-appellants.

Moses, Wittemyer, Harrison & Woodruff, P.C., Timothy J. Beaton, Boulder, for defendant-appellee.

VAN CISE, Judge.

Claiming that the district court erred in dismissing their C.R.C.P. 106(a)(4) claim and in entering summary judgment against their requests for declaratory relief incident to an order of the defendant, Three Lakes Water and Sanitation District (the district), requiring them to connect to the

district's sewer system, plaintiffs appeal. We affirm.

The 164 plaintiffs in this action are full or part-time residents in the area of Grand County surrounding Grand Lake, Shadow Mountain Lake, and Lake Granby (the Three Lakes). They own property on which are located "businesses, dwellings, and other inhabited premises." Most of them use their property as vacation homes in the summer months. They have individual systems such as septic tanks, leaching fields, and holding tanks for disposal of their sewage.

In 1971, the general assembly enacted the Three Lakes Water and Sanitation District Act (the Act), § 32–10–101 et seq., C.R.S., to address the water pollution problems in the Three Lakes area. Sections 32–10–117(4) and (5) of the Act provide:

"(4) The district is authorized to compel the owner of any business, dwelling, or other inhabited premises within the district to connect such premises, in accordance with the applicable plumbing code, to the water or sewer line, or to both such lines, if the board finds such connection necessary for the protection of public health, and if the service lines of the district are within four hundred feet of the nearest property line of such premises.

"(5) The board shall give notice to compel such connection to such owner by registered or certified mail, return receipt requested, to make such connection within twenty days of receipt of such notice, and if such connection is not begun within such period and completed with reasonable diligence by the owner, the board may thereupon make such connection, and the district shall, upon completion, have a first and prior lien on the premises for the cost of such connection. Such lien shall be enforced in accordance with the provisions of section 32–10–121."

In 1972 the district submitted to the Grand County commissioners for their review and approval a comprehensive master plan for construction and operation of the district's regional public sewer system. The master plan provided that the owners of all existing and future residences and businesses would be required to connect to the district's regional system as soon as local sewage connection lines were completed. Public notice of the hearing on the adoption of the master plan was given, and the commissioners approved the plan at a public hearing on March 13, 1973.

The district's public sewer system was constructed pursuant to a federal grant. After the sewer system became operational in 1982, the district's board of directors met on April 26, 1982, to address the subject of connection of business and residential properties to the public sewer.

Notice of the meeting was provided by posting notice at the Grand County courthouse and the district's office and publishing a notice in the April 12, 1982, issue of a newspaper of general circulation in Grand County. The notice was as follows:

"PUBLIC NOTICE IS HEREBY GIVEN, that at a special meeting to be held on April 26, 1982, at 6:00 p.m., the Three Lakes Water and Sanitation District's Board of Directors will conduct a hearing on compelling the connection of businesses, dwellings and other inhabited premises to the District's sewage treatment facilities. The District is authorized to compel the connection of inhabited premises to the District's main service lines if the District's main service lines are within 400 feet of the nearest property line of said premises. The meeting will be held at the District's office, 1111 County Road 48 (a/k/a Golf Course Road), Grand Lake, Colorado."

The district received a number of letters prior to the meeting and over 40 members of the general public attended. They were provided with handouts upon their arrival at the meeting and were informed that they would be permitted to make brief public comments regarding connection and to submit any written documentation.

Present at the meeting were the acting Grand County sanitarian and the district engineer for the Colorado Department of

Health. Both the sanitarian and the district engineer recommended that, for the protection of public health, the district require the owners of all inhabited premises located on property whose nearest boundary line is within 400 feet of the district's lines to connect to such lines. At the conclusion of the meeting, the district's board of directors adopted a resolution requiring sewer connections as recommended by the sanitarian and district engineer.

As required by § 32–10–117(5) of the Act, the district then sent out certified letters dated July 28, 1982, notifying 965 owners (including 117 of the plaintiffs in this case) of the requirement to connect to the district's sewer lines. The letter stated that "You are hereby notified that you are required to commence connection to the district sewer lines within twenty days and shall complete such connection with reasonable diligence." Subsequently, all landowners were notified by certified letter dated July 14, 1983, that the district was ordering them to connect to its sewer system. In response to this most recent letter, this action was filed with the district court on August 12, 1983, challenging the district's connection order.

Plaintiffs sought a declaratory judgment that the connection order was void, because: (1) the due process clauses of the United States and Colorado Constitutions prohibited the district from compelling any owners of property located within its boundaries to connect to its sewer lines unless the district provided the property owners with individual notice and the opportunity to present evidence at a judicial-type hearing; and (2) the statute under which the district issued its connection order required the district to make findings regarding each property owner who was compelled to connect to the sewer lines that this connection was required for the protection of the public health, and, therefore, the district was required to provide the landowners with notice and the opportunity for hearing before it could compel connection. Plaintiffs also sought a stay of the district's enforcement of the connection order under C.R.C.P. 106(a)(4).

The district filed an answer, and then moved for dismissal of the C.R.C.P. 106(a)(4) claim, for dissolution of an order staying the district from enforcing the connection order, and for summary judgment on the declaratory judgment claims. The court granted all of these motions. This appeal followed.

I.

Section 32–10–117(4) of the Act states that the district can "compel the owner of any business, dwelling, or other inhabited premises within the district to connect such premises ... to the ... sewer line ... if the board [of the district] finds such connection necessary for the protection of public health ..." Plaintiffs contend that the district's power is conditioned on the board's *finding* that "such connection" is "necessary for the protection of public health." They argue that the district cannot "find" without having a hearing, and cannot have a hearing without first providing adequate notice to each "owner." Consequently, they assert, this statute requires that the district provide each owner the opportunity for a judicial-type evidentiary hearing prior to the district being empowered to compel that owner to connect to its sewer lines.

The district contends that the Act does not require personal notice to, and an evidentiary hearing for, each owner before the district can order connection. It points out that § 32–10–117(5) of the Act requires personal notice to the owner only *after* the district has determined the necessity of connection.

■ A plain reading of §§ 32–10–117(4) and (5) of the Act supports the district's position. The Act's notice provision applies only *after* the district has determined the necessity for connection. And that procedure is similar to the connection process which governs other local governments. *See, e.g.,* § 30–20–416, C.R.S. (1977 Repl. Vol. 12) (counties); § 31–35–601, C.R.S. (1977 Repl.Vol. 12) (municipalities); § 32–1–1006, C.R.S. (1984 Cum.Supp.) (other wa-

ter and sanitation districts). We do not view the statutory word "finds" in the context here as requiring a judicial type hearing and personal notice.

## II.

■ Plaintiffs also contend that, if the statute does not require notice and hearing, the due process clauses of the United States and Colorado constitutions prohibit the district from compelling any owner to connect to its sewer lines unless it provides such owner with individual notice and an opportunity for a judicial type hearing. We regard *Hutchinson v. City of Valdosta,* 227 U.S. 303, 33 S.Ct. 290, 57 L.Ed. 520 (1913), and its progeny, as dispositive against plaintiffs on this issue.

In *Hutchinson,* the Supreme Court reviewed an ordinance passed by the City of Valdosta by which owners of homes abutting upon any street along which sewer mains had been laid were required to install toilets in their houses and to connect the same to the public sewer lines within 30 days from the date of passage of the ordinance. The court held that this was a valid exercise of the police power and that, although the ordinance afforded no prior personal notice or opportunity to be heard, it did not deny either due process or equal protection.

The *Hutchinson* court stressed that the connection order was for the welfare of the city's inhabitants and that "[i]t is the commonest exercise of the police power of a state or city to provide for a system of sewers and to compel property owners to connect therewith."

*Hutchinson* was cited with approval in *Queenside Hills Realty Co. v. Saxl,* 328 U.S. 80, 66 S.Ct. 850, 90 L.Ed. 1096 (1946). Numerous state courts have followed its holding that personal notice and a hearing are not required prior to ordering connection to a public sewer system. *See, e.g., Nourse v. City of Russellville,* 257 Ky. 525, 78 S.W.2d 761, 766 (1935); *Weber City Sanitation Commission v. Craft,* 196 Va. 1140, 87 S.E.2d 153, 160 (1955); *Houpt v.*

*County of Stephenson,* 63 Ill.App.3d 792, 20 Ill.Dec. 851, 380 N.E.2d 1060 (1978).

Plaintiffs' reliance on *Brown v. City of Denver,* 7 Colo. 305, 3 P. 455 (1884) is not well taken. The issue in *Brown* was not, as it is here, whether notice and hearing were required before the local government could act pursuant to its police power for public health and safety reasons. Rather the issue in *Brown* was how the city could recover its *expenses* from the exercise of its police power in constructing sidewalks for those owners of lots fronting upon a public street who had not complied with the city's order to construct sidewalks.

Our supreme court expressly distinguished the *Brown* case in *Thiele v. City & County of Denver,* 135 Colo. 442, 312 P.2d 786 (1957), where the court stated that the *Brown* decision related to assessments and not to the exercise of the police power. The holding in *Brown* on charges or assessments has no application to the issues in the present case.

The trial court correctly determined that neither the federal nor state constitutions mandated personal notice and evidentiary hearings prior to ordering connection.

## III.

In view of our holding that neither the statute nor due process require personal notice and an opportunity to be heard before issuance of the connection order by the district, we do not address plaintiffs' contentions concerning the inadequacy of the notice and hearing provided or the reviewability of the district's order.

Judgment affirmed.

PIERCE and STERNBERG, JJ., concur.