THE VILLAGE OF CASEYVILLE, Plaintiff-Appellee, v. STEPHEN CUN-
NINGHAM *et al.*, Defendants-Appellants.

Fifth District   No. 5—84—0447

Opinion filed October 9, 1985.

Thomas R. Gibbons, of Edwardsville, for appellants.

Mary Mansfield Brauer, of Belleville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:
Defendants, Stephen, Charles and Mary Cunningham, appeal from a judgment of the circuit court of St. Clair County granting plaintiff, the village of Caseyville, a permanent injunction against defendants. Defendants were enjoined from violating an ordinance which prohibited operation of defendants' refrigerated truck during certain hours in certain areas.

Defendants contend the Illinois Environmental Protection Act preempted the area of noise control and that the ordinance is invalid. They claim the injunction granted the village was improper and that defendants should have been granted an injunction enjoining enforcement of the ordinance. We affirm.

Defendants owned a truck and semitrailer which were used in the over-the-road transportation of commodities. The trailer included a refrigeration unit for preserving food. When not in use, the truck and trailer were parked behind a building in Caseyville owned by defendants. The refrigeration unit on the trailer was often left operating when the vehicle was parked at the lot in Caseyville.

In 1981, the village enacted ordinance No. 604, which, in pertinent part, provided:

"The following acts, conduct and conditions are hereby de-

clared and defined to be nuisances, and unlawful, and when committed, performed or permitted to exist by any individual, firm, association or corporation within the territorial limits of the Village of Caesyville, are hereby declared to be unlawful and prohibited:

1. The operation and/or maintenance of motor transport engines, reefers and/or refrigerator units between the hours of 8:00 p.m. and 6:00 a.m. in any place within the Village of Caseyville in which a majority of the buildings, within a radius of one thousand (1,000) feet are used exclusively for residential purposes."

While not specifically stated in the ordinance or its title, the record shows the village and the defendants viewed the ordinance as a noise control measure. This is supported by the time limitations in the law.

The village police cited defendant Stephen Cunningham for numerous violations of the ordinance. (The other defendants were part owners of the vehicles.) Several residents of the area near the defendants' building testified as to a disturbing noise made by defendants' refrigeration unit on the trailer. A village police officer confirmed the fact of the noise from the unit.

■■ ■ Defendants first claim the Environmental Protection Act (Ill. Rev. Stat. 1983, ch. 111½, par. 1001 *et seq.*) preempts the field of regulation of noise, and thus the village did not have authority to enact the ordinance. The State legislation begins by declaring "it is necessary to establish a unified state-wide program for environmental protection." (Ill. Rev. Stat., 1984 Supp., ch. 111½, par. 1002(a)(ii).) The Act also states that noise is among the environmental problems addressed by the legislation. Ill. Rev. Stat., 1984 Supp., ch. 111½, par. 1002(a)(iii).

Defendants further rely on *City of Des Plaines v. Chicago & North Western Ry. Co.* (1976), 65 Ill. 2d 1, 357 N.E.2d 433. There the court found that a city's attempt to regulate noise pollution was not within the home rule power granted by the Illinois Constitution, but this case is distinguishable. Although the court spoke of noise pollution being a matter of regional or statewide concern, "[a] careful reading of *North Western Ry.* discloses that the authority sought to be exercised under the noise-control ordinance *** exceeded the city of Des Plaines' home rule power ***. In *North Western Ry.*, although the immediate facts dealt with noise emission within the city, the city admitted that the ordinance was intended to control emissions originating beyond its boundaries." *County of Cook v. John*

*Sexton Contractors Co.* (1979), 75 Ill. 2d 494, 512, 389 N.E.2d 553, 558-59.

Further, the village cites section 11—5—2 of the Illinois Municipal Code, which provides that municipalities "may prevent or suppress riots, routs, affrays, *noises*, disturbances, trespasses, and disorderly assemblies in any public or private place." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 24, par. 11—5—2.) Thus, there is a specific grant of authority to all municipal governments to control noise.

In addition, section 11—60—2 of the Code provides that municipalities "may define, prevent and abate nuisances." (Ill. Rev. Stat. 1983, ch. 24, par. 11—60—2.) This is a broad delegation of authority, and nuisance ordinances will be held invalid only when a municipality's determination that a particular activity is a nuisance is clearly erroneous. *Village of Riverwoods v. Untermyer* (1977), 54 Ill. App. 3d 816, 822, 369 N.E.2d 1385, 1390.

The village ordinance neither attempts to set specific noise levels that are permissible nor does it reach beyond the village boundaries. Not every noise problem will be of statewide concern. We cannot find that loud mufflers, squealing tires or barking dogs are of such statewide concern. As the village argues, if defendants' argument regarding preemption is accepted, each municipality would have no choice but to call in the Illinois Environmental Protection Agency to handle the most minor of noise nuisance problems.

Therefore, because of specific legislative authority to municipalities to control noise, we find that the Environmental Protection Act does not totally preempt the field of noise regulation.

■ The next point raised by defendants is that the ordinance was invalid for several reasons. First, they argue the ordinance violates due process in that it is extreme and unreasonable in its scope, because it totally bans certain equipment from being operated or maintained in certain locations at certain times.

"Ordinances passed by a municipality are presumed valid, and the party challenging the ordinance bears the burden of proof of the invalidity." (*Jacobsen v. Illinois Liquor Control Com.* (1981), 97 Ill. App. 3d 700, 702, 423 N.E.2d 531, 533.) "A municipality has the power to declare anything a nuisance, which is either a nuisance per se, a nuisance at common law or statute. A municipality also has the authority to regulate as a nuisance anything in which there could be an honest difference of opinion if, in the municipality's opinion, such item constitutes a nuisance." (*Village of Riverwoods v. Untermyer* (1977), 54 Ill. App. 3d 816, 822, 369 N.E.2d 1385, 1390.) In doubtful cases, where it is questionable whether something is a

nuisance, the municipality's decision will be conclusive unless its judgment and use of discretion is clearly erroneous. 54 Ill. App. 3d 816, 822, 369 N.E.2d 1385, 1390.

To be a valid exercise of the public power, a municipal ordinance must bear a reasonable relationship to the public interest sought to be protected, and the means adopted must be a reasonable method of accomplishing the chosen objective. (*City of Carbondale v. Brewster* (1979), 78 Ill. 2d 111, 115, 398 N.E.2d 829, 831.) "Due process principles operate to limit the police power only to the extent that the power is arbitrarily or unreasonably used." *Crocker v. Finley* (1984), 99 Ill. 2d 444, 456, 459 N.E.2d 1346, 1352.

■■ The ordinance here bears a reasonable relationship to the interest of protecting residents from disturbing noises. Noise from engines on large trucks disturbs the quiet of residential areas. The means adopted is a reasonable method of reaching the objective of protecting residents from this disturbing noise. Preventing this noise in residential areas during hours when most people are at home and often trying to sleep is reasonable. A reasonable method of preventing the noise is to prevent the operation of the source of the noise.

■■ Defendants next argue the ordinance is an unconstitutional restraint on interstate commerce and is thus invalid under the commerce clause of the United States Constitution. U.S. Const., art. 1, sec. 8.

"Although the criteria for determining the validity of state statutes affecting interstate commerce have been variously stated, the general rule that emerges can be phrased as follows: Where the statute regulates evenhandedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits. [Citation.] If a legitimate local purpose is found, then the question becomes one of degree. And the extent of the burden that will be tolerated will of course depend on the nature of the local interest involved, and on whether it could be promoted as well with a lesser impact on interstate activities." (*Pike v. Bruce Church, Inc.* (1970), 397 U.S. 137, 142, 25 L. Ed. 2d 174, 178, 90 S. Ct. 844, 847.)

A recent Illinois court application of these rules is found in *People v. Indiana Harbor Belt R.R. Co.* (1981), 102 Ill. App. 3d 811, 817, 430 N.E.2d 104, 109.

Defendants have failed to show a substantial burden on inter-

state commerce. While defendants cannot operate their trucking equipment at certain locations at certain times, they have not shown how this has harmed their business. They have not shown that other locations are not available for operating the equipment. Defendants' brief speculates about possible hardships on other parties transporting goods through the village, but the record is devoid of any evidence of these allegations. They claim the ordinance would prohibit trucks and trains from moving through the village during the times set out in the ordinance. However, the only evidence heard by the trial court related to disturbing noises coming from defendants' equipment. There was no effort at trial by defendants to show how the ordinance substantially burdened interstate commerce. Defendants have failed to meet their burden of proving the invalidity of the ordinance.

Defendants briefly suggest that the procedure used to enact and publish the ordinance was not proper. But they have failed to show how the procedure used by the village was improper. They cite no specific statutory language violated by the village.

■ Defendants also claim the injunction was improper due to mootness because they no longer operated a refrigeration unit as part of their trucking business at the time the injunction was granted. An affidavit, admitted in evidence by stipulation, asserted that defendant Stephen Cunningham was then operating a semitrailer without refrigeration equipment. Defendants argue there was no longer a threat of violation of the ordinance. The ordinance addresses the operation of not only refrigeration units, but also motor transport engines. Consequently, there was still a clear possibility defendants could violate the ordinance even without the refrigeration equipment.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

JONES, P.J., and KASSERMAN, J., concur.