NORTH PARK BUS SERVICE, INC., Plaintiff-Appellant, *v.* LOUIS PASTOR, d/b/a Louis Pastor & Company, Defendant-Appellee.

First District (1st Division)   No. 62825

Opinion filed June 7, 1976.

James H. Canel, of Chicago, for appellant.

Barbara B. Hirsch, of Chicago, for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal from two orders of the circuit court of Cook County, chancery division. The first of these was entered August 8, 1975, pursuant to Supreme Court Rule 219. It directed plaintiff, North Park Bus Service,

Inc. (North Park) to pay defendant, Louis Pastor d/b/a Louis Pastor & Company (Pastor) $100 as a sanction for failing to comply with a discovery order of the court. The second order was entered August 28, 1975. It denied plaintiff's motion for dismissal without prejudice which had been filed August 12, 1975, pursuant to section 52 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 52). In addition, the court granted defendant's subsequent motions for summary judgment and attorney fees pursuant to Rule 219.

On June 18, 1974, North Park filed a complaint in chancery against the Chicago Board of Education and Pastor. In this complaint North Park charged the Board with wrongfully denying it a transportation contract. In addition, Pastor, an insurance agent, was charged with failing to issue North Park a bond to accompany its bid to the Board.

Shortly thereafter defendants, Board of Education and Pastor, filed separate motions to dismiss the complaint under section 45 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 45) and motions for summary judgment under section 57 (Ill. Rev. Stat. 1973, ch. 110, par. 57). On October 28, 1974, the court granted defendants' motions to dismiss. However, North Park was given leave to amend its complaint against Pastor.

On November 8, 1974, North Park filed its first amended complaint and again Pastor filed a motion to dismiss and a motion for summary judgment. On February 18, 1975, Count I of the amended complaint was dismissed with prejudice. Count II of the complaint also was dismissed; however, North Park again was given leave to amend.

On March 10, 1975, North Park filed its second amended complaint. On April 4, 1975, Pastor moved for summary judgment, supported by memorandum, exhibits and affidavit. The court held a hearing and on June 12, 1975, entered an order denying defendant's motion for summary judgment without prejudice to renewal, but granting Pastor priority in discovery. In addition, the order set the cause down for trial on October 8, 1975.

On July 3, 1975, Pastor moved for an order compelling North Park to produce certain documents. This motion was granted on July 15, 1975, and North Park was ordered to comply within five days. Plaintiff did not comply and on August 4, 1975, Pastor moved for the imposition of sanctions. On August 8, 1975, the court granted this motion and ordered North Park to pay Pastor $100 in attorney fees and to comply with its original order by producing the documents and affidavit sought by defendant. On August 13, 1975, North Park moved to dismiss its action without prejudice. On August 20, 1975, defendant filed an answer to the second amended complaint and, in a separate motion, asked the court for summary judgment of dismissal with prejudice.

By an order entered August 28, 1975, the trial court denied plaintiff's

motion for dismissal without prejudice and granted defendant summary judgment. Further, as a sanction pursuant to Supreme Court Rule 219, the court allowed defendant his attorney's fees, expenses and court costs in the amount of $5,421.34.

Plaintiff on this appeal asks that we reverse this order, as well as the order of August 8, 1975.

We affirm the order of August 8, 1975, and reverse the order of August 28, 1975.

■■ First, North Park argues that the entry of the order of August 8, 1975, constituted an abuse of discretion by the trial court. Although it concedes it did not fully comply with the trial court's discovery order entered July 15, 1975, North Park contends it could not be penalized under Rule 219 for this failure in the absence of proof that it had unreasonably refused to obey that order.

Supreme Court Rule 219(c) provides in part:

> "(c) *Failure to Comply with Order or Rules.* If a party, or any person at the instance of or in collusion with a party, unreasonably refuses to comply with any provision of Rules 201 through 218, *or fails to comply with any order entered under these rules*, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including, among others, the following:* * *
>
> In lieu of or in addition to the foregoing, the court may order that the offending party or his attorney pay the reasonable expenses, including attorney's fees, incurred by any party as a result of the misconduct, and by contempt proceedings compel obedience by any party or person to any subpoena issued or order entered under said rules." (Emphasis added.)

Rule 219 specifically provides for the imposition of sanctions when a party fails to comply with any order entered under Rules 201 through 218. Therefore, we find that the order entered by the trial court on August 8, 1975, allowing defendant attorney's fees incurred as a result of North Park's failure to comply, was proper and clearly not an abuse of discretion by the trial court. (*O'Brien v. Stefaniak* (1970), 130 Ill. App. 2d 398, 264 N.E.2d 781; *Rosales v. Marquez* (1965), 55 Ill. App. 2d 203, 204 N.E.2d 829.) Accordingly, we affirm the trial court's order of August 8, 1975.

North Park's second argument is that it had an absolute right to dismiss its own case without prejudice pursuant to section 52 of the Civil Practice Act, because trial of the case had not commenced on the day plaintiff moved for dismissal. Section 52 (Ill. Rev. Stat. 1973, ch. 110, par. 52) provides in relevant part:

> "(1) The plaintiff may, at any time before trial or hearing begins,

upon notice to each party who has appeared or his attorney, and upon payment of costs, dismiss his action or any part thereof as to any defendant, without prejudice, by order filed in the cause. Thereafter he may dismiss, only on terms fixed by the court (a) upon filing a stipulation to that effect signed by the defendant, or (b) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof. * * *"

At the hearing held on June 12, 1975, on defendant's motion for summary judgment, the court denied the motion without prejudice to renewal and set the case down for trial on October 8, 1975. Defendant rontends that the "trial or hearing" of this case commenced with the hearing held on defendant's various motions.

■■ On defendant's motions for summary judgment and dismissal under section 45 which were heard and decided on October 28, 1974, and February 18, 1975, the trial court properly confined its ruling to the section 45 motions. (*Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605.) Such hearings do not mark the commencement of trial or hearing under section 52. (*Bernick v. Chicago Title & Trust Co.* (1945), 325 Ill. App. 495, 60 N.E.2d 442.) The remaining question, therefore, is the significance of the hearing held June 12, 1975, on defendant's motion for summary judgment.

The question thus presented is whether for purposes of section 52 "trial or hearing" begins with a hearing on a motion for summary judgment. In *Bernick,* the court held that trial commenced when the trial court heard a section 48 motion to dismiss for prior adjudication. Defendant argues that a hearing on a motion for summary judgment falls within the same category as a hearing on a motion filed under section 48 of the Civil Practice Act and therefore the instant case is analogous. We disagree. Noting first that even the limited holding of the *Bernick* case has been sharply criticized (Fleischer, *The Vanishing Right of a Plaintiff to Voluntarily Dismiss His Action,* 9 J. Mar. J. Prac. & Proc. 853, 860-862 (1976), we find that there are significant differences between these two types of hearing which make the reasoning of that decision wholly inapplicable to the instant case. Technically, "trial" refers to an action at law and "hearing" to a chancery proceeding. *Menard v. Bowman Dairy Co.* (1938), 296 Ill. App. 323, 15 N.E.2d 1014.

On a motion for summary judgment the trial court cannot decide issues of fact. (*Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 262 N.E.2d 450; *Barkhausen v. Naugher* (1947), 395 Ill. 562, 70 N.E.2d 565.) Consequently, the presence of a genuine issue of material fact will prevent summary disposition and compel the court to hold such questions for decision at trial. Therefore, rather than marking the commencement of trial, a summary judgment hearing is a preliminary proceeding to

determine whether trial is necessary. *Skolnick v. Nudelman* (1966), 71 Ill. App. 2d 424, 218 N.E.2d 775.

In a chancery case such as this, a hearing on a section 48 motion (Ill. Rev. Stat. 1973, ch. 110, par. 48) to dismiss presents a significantly different situation. The procedure in such a hearing is set forth in paragraph (3) of that section, which in pertinent part states:

> "* * * If a material and genuine disputed question of fact is raised the court may decide the motion upon the affidavits and evidence offered by the parties, * * *."

Rather than simply determining the existence of a genuine issue of material fact, the court on a section 48 motion has the power to decide such questions. (*Drobnick v. Rollery* (1967), 85 Ill. App. 2d 454, 229 N.E.2d 10.) This could hardly be characterized as a preliminary proceeding since quite often a party's entire cause might rise or fall with the results of such a hearing.

■■ In the case before us, defendant was denied summary judgment and the cause was set for trial on October 8, 1975. While defendant argues that in light of this hearing and all prior hearings we should find that trial or hearing of this case had commenced, we are compelled by the plain language of section 52 to the opposite conclusion. At the time plaintiff moved for dismissal without prejudice, there had been no hearing on any defense submitted in a section 48 motion or by answer. Indeed, defendant Pastor at that time had not filed an answer to the second amended complaint. By the denial of defendant's motion for summary judgment, trial was yet to commence. Under these circumstances, we do not find that under section 52 "trial" or "hearing" of this case had begun. Accordingly, we hold that plaintiff North Park was entitled to have its case dismissed without prejudice upon proper notice and payment of defendant Pastor's costs. Since the trial court erred in denying plaintiff its right to dismiss without prejudice, it consequently also erred in granting defendant's subsequent motion for summary judgment and in entering judgment under Rule 219 in defendant's favor for $5,421.34.

The order entered August 28, 1975, is reversed in its entirety and the cause remanded with directions to the trial court to grant plaintiff's motion for dismissal without prejudice upon plaintiff's payment of proper costs, which, we note, do not include attorney's fees. *Gilbert-Hodgman, Inc. v. Chicago Thoroughbred Enterprises, Inc.* (1974), 17 Ill. App. 3d 460, 308 N.E.2d 164.

Order of August 8, 1975, affirmed; order of August 28, 1975, reversed and cause remanded with directions.

GOLDBERG, P. J., and BURKE, J., concur.