DAN D. STEVENS *et al.*, Plaintiffs-Appellants, *v.* RAY O'BRYANT, Defendant-Appellee.

Third District   No. 78-385

Opinion filed July 19, 1979.—Rehearing denied August 23, 1979.

Michael E. Massie, of Massie and Steele, of Galva, for appellants.

Richard L. Whitman, Sr., of Kritzer, Stansell, Critser and Whitman, of Monmouth, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiffs Dan D. Stevens and Marjorie Stevens appeal from a judgment order in favor of defendant Ray O'Bryant entered in the Circuit Court of Knox County in an action to recover damages for an allegedly defective septic tank system.

On July 31, 1972, defendant entered into a written contract with plaintiffs for the sale of a newly built residence and lot. The residence was serviced by a private septic system for the disposal of sewage. A deed to the premises was executed and delivered on August 22, 1972, and on October 24, 1972, plaintiffs sent defendant a letter informing him that sewage was coming to the top of the ground in the middle of the front yard and requesting that the system be corrected. The letter also stated:

> "This correction should be done no later than November 15, 1972 or I have no other alternative than to have the work done and send the contractors bill to you for payment.
>
> I am sorry Ray, but I do not have any other choice. I do not feel that the correction is my responsibility. Please advise me of your intentions regarding the drainage system, within the next five days."

Defendant then had some work done on the septic system, but within 60 days plaintiff again detected raw sewage being discharged above ground.

On November 21, 1977, plaintiffs filed their complaint in this cause. Of concern on appeal is the second amended complaint which is composed of two counts. In both counts plaintiffs allege that, pursuant to agreement of the parties, a new septic system was installed by defendant, that defendant failed to make necessary repairs to rectify defective work, and that as a result of defendant's breach of contract by not performing in a good and workmanlike manner, plaintiffs were damaged in the sum of $7,500. In count I, plaintiffs allege that the second septic system was installed "in the fall of 1972 or 1973" and that the October 24, 1972, letter from plaintiffs to defendant was written evidence of the oral agreement for installation of the second system. Count II is based solely on the oral agreement and includes an allegation that the new system was installed "in the fall of 1973."

Although numerous motions and pleadings were filed in this cause, we are concerned with only two: defendant's motion to dismiss pursuant to section 48 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48), in which he asserted that the action was barred by the five-year statute of limitations; and defendant's motion for summary judgment which asserted that the October 24, 1972, letter was not a sufficient writing to invoke the 10-year statute of limitations as set out in section 16 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 17). In support of these motions, defendant filed two affidavits stating that the work in question was completed on November 15, 1972. One of the affidavits was that of defendant himself and was supported by an invoice for rock delivered on November 14, 1972, and by a check dated December 1, 1972, in payment for the work done by Jan Gosney on the septic tank system. The other affidavit was that of Gosney stating that all of the work was completed on November 15, 1972. Plaintiff filed his own counteraffidavit stating that the work referred to in the complaint was completed in the fall of 1973. Neither party filed a jury demand.

The trial court ruled in favor of defendant on both motions. In the judgment order the trial court made three findings of fact: (1) that the October 24 letter was not a sufficient writing to bring this cause within the requirements of the 10-year statute of limitations governing written contracts; (2) that the work on the septic tank was completed on November 15, 1972; and (3) that claims based on the oral contract were barred by the five-year statute of limitations. On the basis of those findings the court granted summary judgment in favor of defendant as to the claim based on a written contract (count I) and also granted defendant's motion to dismiss the claims based on the oral contract (count II). Plaintiffs have perfected this appeal.

The determinative issue is whether the trial court erred in granting the motion to dismiss when the affidavits and counter-affidavits established a genuine issue of material fact. The issue of fact in dispute is the completion date of the project. If the work was finished on November 15, 1972, as defendant asserts, then the cause was barred by the five-year statute of limitations before the complaint was filed on November 21, 1977. If, however, it was not completed until the fall of 1973, as plaintiff states, then the cause was not barred. Clearly, the completion date is a material disputed fact.

Section 48 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48), permits a defendant to file a motion for dismissal upon numerous grounds, including that the action was not commenced within the time allowed (par. 48(1)(e)), and also provides:

"(3) If, upon the hearing of the motion, the opposite party presents affidavits or other proof denying the facts alleged or establishing facts obviating the grounds of defect, the court may hear and determine the same and may grant or deny the motion. If a material and genuine disputed question of fact is raised the court may decide the motion upon the affidavits and evidence offered by the parties, or may deny the motion without prejudice to the right to raise the subject matter of the motion by answer and shall so deny it if the action is one in which a party is entitled to a trial by jury and a jury demand has been filed by the opposite party in apt time." Ill. Rev. Stat. 1977, ch. 110, par. 48(3).

This provision was considered in *Greenstein v. Nogle* (1972), 5 Ill. App. 3d 594, 283 N.E.2d 492, where the court said:

"It is clear that the [trial] Court may *not* weight the evidence contained in the affidavits and counter-affidavits, if a material and genuine issue of fact is raised, and deny a hearing on the merits of the question before the Court, or the jury if jury demand has been made by the opposite party. In this respect, a proceeding under Section 48 is similar to the rules applicable to Motions for Summary Judgment wherein genuine issues of material fact are raised by the affidavits and counter-affidavits." (5 Ill. App. 3d 594, 599, 283 N.E.2d 492, 496.)

The reviewing court reversed the dismissal order and remanded the cause with directions to afford the plaintiff a hearing on the merits of the issue raised by the motion to dismiss.

The same result was reached in *Dangeles v. Marcus* (1978), 57 Ill. App. 3d 662, 373 N.E.2d 645, where the court observed:

"The main purpose of section 48 is to provide a means of disposing of issues of law or of easily proved issues of fact. [Citations.] If it cannot with reasonable certainty be determined

from the record then before the court that the alleged defense exists, the motion should not be allowed on that ground." 57 Ill. App. 3d 662, 667, 373 N.E.2d 645, 649.

■■ In the case at bar, the trial court undertook to resolve a material factual issue solely upon the affidavits and thus denied plaintiffs an evidentiary hearing on the merits of the motion. Defendant relies upon cases which say that the trial court has the power to decide disputed questions of fact on a section 48 motion. (*E.g., North Park Bus Service, Inc. v. Pastor* (1976), 39 Ill. App. 3d 406, 349 N.E.2d 664; *Drobnick v. Rollery* (1967), 85 Ill. App. 2d 454, 229 N.E.2d 10.) However, those cases do not hold that the trial court can determine a disputed factual issue without affording the parties an opportunity to present evidence as provided by statute. We conclude, therefore, that the trial court erred in granting defendant's motion to dismiss.

Plaintiffs also raise two other issues. First, they contend that summary judgment was erroneously entered as to count I in that their cause of action was based upon a "written contract or other evidences of indebtedness in writing" and thus could be commenced anytime within ten years after the cause of action accrued under section 16 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 17). Plaintiffs point to the real estate purchase contract, the deed, and the October 24 letter as written evidence of indebtedness sufficient to bring their cause of action within the 10-year period of limitation. However, that contention ignores the fact that under the allegations of the complaint, plaintiffs are not seeking to enforce any provisions contained in the original contract of purchase or in the deed. This action purports to be based upon a subsequent oral agreement, the terms of which are not disclosed, by which defendant allegedly undertook to replace or repair the septic tank system. Plaintiffs' letter of October 24 is at most a demand that defendant undertake repairs. It does not disclose what defendant ultimately agreed to do and therefore is not written evidence of any agreement.

The case of *Stanley v. Chastek* (1962), 34 Ill. App. 2d 220, 180 N.E.2d 512, relied upon by plaintiffs, is distinguishable upon its facts from the instant case since in *Stanley*, there was a written agreement for orthodontic services which was the basis for the cause of action. The court ruled, *inter alia*, that the suit was governed by the 10-year period of limitation even though parol evidence would be necessary to show the particular type of professional services to be rendered under the contract. No such situation is involved here where the underlying agreement was oral. We conclude that the 10-year limitation was not applicable.

■■ Plaintiffs also argue that their cause of action did not accrue until they knew or should have known of defendant's defective work. Having alleged that the second sewage disposal system discharged above ground

within 60 days after construction was completed, plaintiff reasons that, even if the work were finished on November 15, 1972, the complaint was filed within five years of the time the defect was discovered since the filing date was November 21, 1977. However, this argument cannot prevail. The Supreme Court of Illinois has said that, where a tort arises out of a contractual relationship, as here, the statute of limitations commences to run at the time the contract is breached and not when the damage is sustained or discovered. (*West American Insurance Co. v. Sal E. Lobianco & Son Co.* (1977), 69 Ill. 2d 126, 370 N.E.2d 804.) Thus the "time of discovery" rule is not applicable to this case.

For the reasons stated, we reverse the judgment of the Circuit Court of Knox County and remand with directions to hear the merits of the motion to dismiss the complaint.

Reversed and remanded with directions.

ALLOY, P. J., and BARRY, J., concur.