JOHN J. CONNELLY, Claimant-Appellant, *v.* ESTATE OF JAMES A. DOOLEY, Respondent-Appellee.

First District (3rd Division)    No. 80-387

Opinion filed May 27, 1981.

Myron M. Cherry and Peter Flynn, both of Chicago, for appellant.

Barnabas F. Sears and Wayland B. Cedarquist, both of Chicago (Boodell, Sears, Sugrue, Giambalvo & Crowley, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, John Connelly, appeals from the dismissal of two alternative claims against the estate of James A. Dooley. Plaintiff claimed to own a 5% interest in a professional association entitled James A. Dooley Associates. Plaintiff sought either 5% of the profits of JADA or a 5% share of the proceeds from the sale of JADA's assets which allegedly were channeled into the defendant estate. The probate division of the trial court dismissed the amended claims for failing to state a cause of action against the estate.

James A. Dooley's law firm was organized as a professional association pursuant to the Illinois professional association act (Ill. Rev. Stat. 1961, ch. 106½, par. 101 et seq.). Dooley owned an 85% interest in the association; an associate, Clare J. Murphy, owned 10% and Edgar Mahn, another associate, owned 5%. The three members served as officers: Dooley as president, Mahn as vice-president, and Murphy as secretary. On February 5, 1966, a special meeting was called for the purpose of electing a successor for the deceased Mahn. Plaintiff was elected vice-president. Ten days later, another special meeting was called to determine the transmission of Mahn's 5% interest in JADA. It was decided that this 5% interest would be transferred to plaintiff, "for the purpose of

becoming both a stockholder and associate in James A. Dooley Associates." Plaintiff then was elected to serve on the executive committee.

Plaintiff practiced as an associate with JADA and served as vice-president from 1966 to March 1972. He then worked for another law firm until September 1978.

Prior to Dooley's becoming a Justice of the Illinois Supreme Court in 1976, he contracted for the sale of JADA's assets. The proceeds of that sale were to be distributed, plaintiff asserts, in periodic payments, to Dooley and Murphy, Dooley receiving 90% and Murphy, 10% of the total sale price.

Dooley died on March 5, 1978. Two days before the expiration of the six month period for filing claims, plaintiff filed the two alternate claims against the estate. Plaintiff's amended claims are as follows:

"Amended Claim for 5% of JADA Profits

The nature of the claim is for claimant's 5% share of the profits of James A. Dooley Associates, from February 15, 1966 until the present, said profits being held by the estate of James A. Dooley. This claim arises by virtue of claimant's ownership of a 5% stock interest in James A. Dooley Associates, which ownership was conferred upon claimant on February 15, 1966 as evidenced by Exhibits A and B attached hereto and made part hereof.

Amended Claim for 5% of JADA Sale Proceeds

The nature of the claim is for 5% of all sums and other consideration paid or to be paid to James A. Dooley Associates in return for the transfer of portions of the business of James A. Dooley Associates to William D. Maddux and to Lawrence L. Kotin in 1976, said funds for the years 1978 and 1979 having been paid in to the estate of James A. Dooley. Claimant is entitled to said funds by reason of claimant's 5% stock interest in James A. Dooley Associates, which stock interest was conferred upon claimant on or about February 15, 1966, as evidenced by Exhibits A and B attached hereto and made a part hereof."

The trial court dismissed the claims on the ground that they failed to state a cause of action against the estate, and denied leave to amend. The court also appended the following language to its order:

"It is further ordered that nothing herein constitutes a ruling on the merits or facts of any cause of action which can be stated by Claimant in the Law or Chancery Divisions of this Court with regard to the transaction or matters attempted to be stated as a claim against the Estate."

■■ We address initially and briefly the issue whether the order in question is final and appealable. Despite the ambiguous provision con-

tained in the order that it is not a ruling on the merits, we hold that the order is final and appealable. The parties concede that JADA exists now for the limited purpose of "winding up." The order, as written, wholly and permanently forecloses plaintiff from asserting his action which could have been asserted against the decedent in his lifetime, and which now lies against his estate, after his death. Accordingly, the order is final and appealable. *Johnson v. Gillett* (1869), 52 Ill. 358; *Martin v. Masini* (1967), 90 Ill. App. 2d 348, 232 N.E.2d 770; *Peach v. Peach* (1966), 73 Ill. App. 2d 72, 218 N.E.2d 504.

We now consider whether plaintiff's claims state a cause of action against the estate. The Probate Act provides that a claim may be filed against the estate of a decedent "whether based on a contract, tort or otherwise." (Ill. Rev. Stat. 1977, ch. 110½, par. 18—1(a).) The pleading need only "state the nature of the claim." (Par. 18—1(b).) We have construed this requirement liberally. *In re Estate of Wolfner* (1965), 58 Ill. App. 2d 423, 207 N.E.2d 724.

■■■ We hold that plaintiff's claim for a share of the proceeds from the sale of JADA's assets states a cause of action against the estate. The gravamen of that claim is not, as the estate suggests, whether JADA must distribute proceeds or whether JADA has an interest in any proceeds, but instead, whether the decedent, as majority stockholder, took control of the distribution of proceeds already relinquished by JADA, and appropriated for himself plaintiff's share of the distribution. It is the fiduciary duty of a majority stockholder to make a prorata distribution of the fruits of its control on equal terms with the minority, and where this duty is breached a constructive trust may be imposed. (*Southern Pacific Co. v. Bogert* (1919), 250 U.S. 483, 63 L. Ed. 1099, 39 S. Ct. 533; *Johnson v. Central Standard Life Insurance Co.* (1968), 102 Ill. App. 2d 15, 243 N.E.2d 376; *Johnson v. American General Insurance Co.* (D.D.C. 1969), 296 F. Supp. 802; *cf. Brown v. DeYoung* (1897), 167 Ill. 549, 47 N.E. 863; *Zokoych v. Spalding* (1976), 36 Ill. App. 3d 654, 344 N.E.2d 805; *Cate v. Pagel-Clikeman Co.* (1967), 87 Ill. App. 2d 65, 230 N.E.2d 387.) See also the Illinois Business Corporation Act, which requires that unknown shareholders' portions of the distribution cannot be retained lest the person having control of such moneys be held jointly and severally liable. (Ill. Rev. Stat. 1979, ch. 32, par. 157.93.)) The beneficiary of such a trust may follow the property in its original or altered form, and where the property cannot be followed and the trustee is deceased, an action may be brought against the estate for damages. (*In re Estate of O'Donnell* (1956), 8 Ill. App. 2d 348, 132 N.E.2d 74; *Lennartz v. Estate of Popp* (1905), 118 Ill. App. 31; see also *Wells v. Messenger* (1911), 249 Ill. 72, 94 N.E. 87; *Dannen v. Scafidi* (1979), 75 Ill. App. 3d 10, 393 N.E.2d 1246; *Reese v.*

*Melahn* (1977), 45 Ill. App. 3d 585, 359 N.E.2d 1248.) Accordingly, plaintiff's claim for a share of the proceeds of the sale states a cause of action against the estate.

■■ The estate maintains, however, that since plaintiff failed to allege adequately his shareholder's status, the court properly dismissed that claim. Although in its motion to dismiss, the estate did not assert that plaintiff was not a shareholder in JADA, it asserted that plaintiff did not receive a stock certificate and that none was issued. Plaintiff responded stating that he did not receive a certificate, but that he lacks information and belief as to whether one was ever issued. Section 48 of the Civil Practice Act permits the raising of affirmative matter in "bar and abatement" in a motion to dismiss. (Ill. Rev. Stat. 1979, ch. 110, par. 48.) The section is not to be used to contravene the substantive allegations of the complaint, but instead, concedes the truth of the complaint. *(Kirk v. Financial Security Life Insurance Co.* (1977), 54 Ill. App. 3d 192, 369 N.E.2d 340.) Although the affirmative defenses delineated in section 48 are not exclusive, where the affirmative matter is merely evidence upon which defendant expects to contest an ultimate fact stated in the complaint section 48 should not be used. See *Venturini v. Affatato* (1980), 84 Ill. App. 3d 547, 405 N.E.2d 1093; *Brewer v. Stovall* (1977), 54 Ill. App. 3d 261, 369 N.E.2d 365.

■■ ■ In the present case, plaintiff alleged that he is a shareholder in JADA, and attached minutes from two special meetings, signed by the decedent and Murphy, which purport to transfer a 5% interest to plaintiff 10 days after plaintiff was elected vice-president of JADA as successor to a deceased shareholder who held a 5% interest in JADA. Possession of a stock certificate is not a prerequisite to ownership of an interest in a corporation or association. (See, *e.g., Frey v. Wubbena* (1962), 26 Ill. 2d 62, 185 N.E.2d 850 (gift of stock); *Home for Destitute Crippled Children v. Boomer* (1941), 308 Ill. App. 170, 31 N.E.2d 812 (assignment of stock in trust instrument).) Under these circumstances, the issue whether plaintiff actually possessed a 5% interest in JADA, was a factual one not proper for resolution by a section 48 motion.

■■ We turn now to plaintiff's claim where he seeks 5% of JADA's profits. We do not believe that the Professional Association Act effects an automatic forfeiture of a withdrawing shareholder's interest for which the Association, and now the estate, which asserts ownership of the 5%, must pay. We believe, however, that the claim for profits may be premised on a theory of conversion. Conversion may be based on an exercise of control in a manner inconsistent with plaintiff's right of possession. *(Dickson v. Riebling* (1975), 30 Ill. App. 3d 965, 333 N.E.2d 646.) Plaintiff here maintains that the 1976 agreement to sell the assets and the manner of

distribution of those assets evidence control inconsistent with plaintiff's stock ownership. Although generally even probate claims should identify the transactions upon which a cause of action is based (*Carter v. Pierce* (1904), 114 Ill. App. 589), we believe that the inclusion of the 1976 agreement in the claim for proceeds sufficiently apprises the estate of the nature of the claim involved. The court erred in dismissing the claim for 5% of JADA's profits.

■■ The estate urges, however, that the claims are barred by the statute of limitations. The claim seeking a 5% share of the proceeds from the sale of JADA's assets arises from the decedent's alleged breach of fiduciary duty as a majority shareholder to treat a minority shareholder equally as evidenced by excluding him from a distribution made to other shareholders. Accordingly, the action arose in 1976 at the time of the sale and distribution. The claim therefore was timely filed whether we apply the five year statute for oral contracts or the 10-year statute for written contracts. *West American Insurance Co. v. Sal E. Lobianco & Son Co.* (1977), 69 Ill. 2d 126, 370 N.E.2d 804; Ill. Rev. Stat. 1977, ch. 83, pars. 16, 17.

As to plaintiff's claim for a share of the profits, he alleges that the expressly conferred rights in the Association's articles to compel the withdrawing shareholder to sell his shares to the association or its shareholders, confers the concomitant responsibility to pay the fair market value for those shares once reacquired. Plaintiff maintains that decedent reacquired plaintiff's 5% interest, and that plaintiff first discovered this in 1976 when the decedent in the 1976 agreement asserted an interest in the shares adverse to his.

■■ On the face of the pleadings, such a claim is not barred by the statute of limitations. Factual issues exist which were not heard in the trial court regarding when plaintiff actually discovered that an interest adverse to his was asserted by the decedent. While a disposition on this issue must await the resolution of factual issues at a later stage, the pleadings do not warrant a finding of bar at this time. See, *e.g., David v. Russo* (1980), 91 Ill. App. 3d 1023, 415 N.E.2d 531.

For the reasons stated, the judgment of the circuit court of Cook County dismissing the alternative claims is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

McGILLICUDDY and WHITE, JJ., concur.