DENNIS DICKMAN, Plaintiff-Appellant, *v.* COUNTRY MUTUAL INSUR-
ANCE COMPANY, Defendant-Appellee.

Third District   No. 3—83—0157

Opinion filed December 29, 1983.

Christopher W. Bohlen, of Blanke, Norden, Barmann & Bohlen, P.C., of
Kankakee, for appellant.

Robert W. Boyd, of Ackman, Marek, Boyd & Simutis, Ltd., of Kankakee, for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This action was brought by plaintiff, Dennis Dickman, for recovery of property damage occasioned by two windstorms under an insurance policy issued by defendant, Country Mutual Insurance Company. The circuit court of Kankakee County dismissed the complaint on the grounds that the limitations period contained in the policy had run as to the first windstorm. The trial court then permitted the plaintiff to file an amended complaint with regard to the second windstorm. Following a hearing on the merits the trial court entered judgment for the defendant.

On June 20, 1978, and at all relevant times thereafter, the plaintiff was insured under a Multi-Purpose Farm-Owners Policy of Insurance issued by the defendant. On September 17, 1978, a barn located on the plaintiff's premises was allegedly damaged by a windstorm. Following this occurrence, notice was given to the defendant of the loss.

The defendant then requested that the plaintiff contact a local contractor chosen by the defendant in order to obtain an estimate of the damages. On April 3, 1979, the contractor determined the barn was beyond repair. Thereafter, in July of 1979, the defendant engaged an engineer to examine the barn. He determined the barn was in very good condition.

The defendant contends that it then contacted the plaintiff and orally denied his claim on or about July 30, 1979. The plaintiff denies this contention and states that he first learned of the denial one year and one day from the date of the loss when he phoned the defendant on September 18, 1979.

In November of 1979, the plaintiff had the barn examined by an architect who found wind damage. Subsequently, in February of 1980, the plaintiff contacted the Illinois Department of Insurance and in March he received the Department's response which included for the first time a written denial of the claim by the defendant.

On June 7, 1980, a second windstorm allegedly damaged the plaintiff's barn. The plaintiff filed a claim regarding this second occurrence which was later denied in writing.

A complaint was filed in January of 1981, alleging damage to the barn as a result of both storms. A motion to dismiss the complaint was filed by the defendant based upon the failure of the plaintiff to

file suit within the one year limitations period contained in the insurance policy. The motion was granted in its entirety on this basis. A motion for rehearing was then filed by the plaintiff on the grounds that the second storm was not so barred. The court allowed the filing of an amended complaint relative to the second storm only and after a trial, the court entered judgment in favor of the defendant.

The issue which the plaintiff has requested we review is whether the trial court erred in granting the defendant's motion to dismiss in that there was a disputed factual issue as to the applicability of the insurance policy limitations period.

■ In deciding the merits of a motion to dismiss, a trial court cannot determine disputed factual issues solely upon affidavits and counteraffidavits. In such situations, the parties must be afforded an opportunity to present evidence as provided by statute. *Stevens v. O'Bryant* (1979), 74 Ill. App. 3d 239, 392 N.E.2d 935.

It is apparent, based upon the affidavits filed relative to the motion to dismiss, that there is a disputed factual issue, specifically, when the plaintiff received notification of the defendant's denial of coverage. Consequently, we must decide whether or not this is a relevant fact in determining the propriety of the trial court's action.

The plaintiff argues that the limitations period contained in the policy was impliedly waived by the defendant and that this implied waiver or waiver by estoppel was a result of not receiving notification of the denial of coverage, either orally or in writing, until after the limitations period had run. The defendant counters this argument by claiming that even if notification was given the plaintiff after the limitations period had run, the defendant was under no obligation to so notify the plaintiff based upon the absence of any notification requirement in the insurance policy.

With reference to all insurance companies, the Illinois legislature has declared certain acts to be improper claims practices if committed without just cause and either knowingly or with such frequency as to indicate a persistent tendency to engage in that type of conduct. (Ill. Rev. Stat. 1981, ch. 73, pars. 766.5, 766.6.) One of those acts is the failure to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed. Ill. Rev. Stat. 1981, ch. 73, par. 766.6(i).

■ We believe that this provision evidences a strong legislative intent to impose a duty upon insurance companies to either affirm or deny coverage within a reasonable period of time after notification of a claim. This reasonable period of time would certainly fall well before the contractual limitations period had run. Therefore, we find that the

defendant was under an obligation to deny plaintiff coverage prior to the running of the limitations period.

■ However, the failure to notify an insured of denial of coverage is not the only relevant factor in establishing waiver by estoppel of a contractual limitations period. In *Downing v. Wolverine Insurance Co.* (1965), 62 Ill. App. 2d 305, 210 N.E.2d 603, the court held that the defendant insurance company had waived or was estopped from enforcing insurance policy provisions requiring suit to be filed within one year of the loss and proof of claim to be made within 60 days of the loss. The insurance company had not notified the insured of a denial of liability under its policy until after the contractual limitations period for filing suit had expired. Prior to the denial notification, the insured had had frequent conversations with representatives of the company leading him to believe that his claim was still open. In addition, a letter was written by the claims representative to the insurance company's claims supervisor stating that the company's position in the case would be improved one year after the day of the loss.

In holding the insurance company had waived the limitations provisions contained in its policy, the court adopted the view that insurance policy limitations periods are to be strictly construed, slight circumstances being sufficient to constitute a waiver of such provisions. A positive act by the company intended to induce postponement is not necessary.

In *Ames v. Crown Life Insurance Co.* (1980), 85 Ill. App. 3d 203, 406 N.E.2d 222, the waiver by estoppel issue was again presented, but within a different factual setting. After the insureds had notified the insurance company of their claim, the only communication between the insurance company and its insureds was two memoranda relating to the processing of the claim. No further inquiries were made by either party. The insureds then filed suit after the three-year policy limitations period had expired.

The court held that the company had neither waived its right to enforce the limitations provision nor been estopped from asserting its rights under such provision. *Downing* was distinguished by the court as a case where the parties had been in the process of negotiating the claim up to the time the limitations period expired. In addition, evidence was presented in the form of a letter from the claims service to a company representative implying that the company postpone denial of coverage in order to induce an untimely filing of suit. In *Ames*, final contact between the parties occurred two years before the end of the limitations period and the court concluded there simply was no unjust, inequitable or unconscionable conduct by the insurance com-

pany in *Ames* as there had been in *Downing*.

■ We believe that the factual situation presented in the instant case by the plaintiff is closer to that presented in *Downing* than that in *Ames*. The plaintiff contends that he did not learn of the defendant's denial of coverage until after the policy limitations period had run; orally in September 1979, when the plaintiff telephoned the defendant, and in writing in February 1980, when the plaintiff received a response to its inquiries from the Department of Insurance. Furthermore, it is undisputed that during the year following the windstorm the defendant chose to hire a contractor and an engineer to assess the damages to the plaintiff's barn. These actions could have led the plaintiff to believe his claim was still being considered by the defendant.

The plaintiff's version of the facts, if found to be credible by the trial court, could establish waiver by estoppel on the part of the defendant insurance company. Therefore, the dismissal of the plaintiff's cause of action as to the first windstorm on the grounds that the policy limitations period for filing suit had run was improper. A relevant factual dispute existed as to the elements necessary to establish waiver by estoppel, thus precluding the court from granting the defendant's motion to dismiss.

We would also note that while this matter was pending, the Illinois General Assembly adopted section 143.1 of the Illinois Insurance Code (Ill. Rev. Stat. 1981, ch. 73, par. 755.1), a provision providing for the tolling of insurance policy limitations periods from the date proof of loss is filed until the date the claim is denied in whole or in part. It appears as if the legislature has recognized that this area of insurance law was in need of clarification and has attempted to rectify the type of situation presented by the case at hand.

Accordingly, for the reasons set forth above, the judgment of the circuit court of Kankakee County granting the defendant's motion to dismiss is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

ALLOY and SCOTT, JJ., concur.