CONSUMER ELECTRIC COMPANY, Plaintiff-Appellant, v. COBELCO-MEX, INC., Defendant (Owens-Illinois, Inc., Defendant-Appellee).

First District (1st Division)   No. 85—1076

Opinion filed September 15, 1986.—Rehearing denied December 16, 1986.

Kovar, Nelson & Brittain, of Chicago (John B. Murnighan, of counsel), for appellant.

Berman, Fagel, Haber, Maragos & Abrams, of Chicago (Glen T. Keysor and Steven J. Teplinsky, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Consumer Electric Company (Consumer), appeals from an order of the circuit court of Cook County which granted a motion to dismiss filed by defendant, Owens-Illinois, Inc. (O-I), pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9)), thereby dismissing Consumer's complaint seeking foreclosure of a mechanic's lien.[1] On appeal, Consumer contends that: (1) O-I's section 2—619(a)(9) motion did not properly raise an affirmative matter with which to defeat the claim; (2) the trial court erred in electing to decide the motion on affidavits which raised genuine issues of fact; and (3) the labor and materials furnished by plaintiff were lienable. For the reasons that follow, we reverse the judgment of the trial court and remand the cause for further proceedings.

---

[1]Cobelcomex, Inc., codefendant, filed bankruptcy on May 30, 1983, at which time Consumer was stayed from taking any action against it. In April 1984 the stay was lifted to the effect that Consumer was permitted to name Cobelcomex, Inc., as a party defendant. However, Cobelcomex, Inc., is not a party to this appeal.

The record sets forth the following facts pertinent to this appeal. O-I, a corporation which owns and operates a glass bottle manufacturing plant in Chicago Heights, entered into a contract with Cobelcomex, Inc., for the purchase and installation of a Lehr oven in its plant. Cobelcomex, in turn, contracted with Consumer to furnish the labor and materials necessary to install and wire the oven. On March 21, 1983, Consumer completed its work on the oven for which it never received payment.

On June 17, 1983, Consumer served a notice of claim for lien on O-I and on July 5, 1983, filed its claim for lien in the office of the recorder of deeds in Cook County. On January 31, 1984, O-I notified Consumer in writing that, in its opinion, the work performed by Consumer on the Lehr oven consisted only of the installation of equipment and trade fixtures which are nonlienable.

On May 4, 1984, Consumer filed a complaint against O-I and Cobelcomex, Inc., to foreclose the mechanic's lien. Pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9)), O-I moved to dismiss Consumer's complaint, raising as an affirmative defense the nonlienability of the Lehr oven. Attached to O-I's motion was the affidavit of Robert Myers, plant engineer for O-I, which stated that the Lehr oven consisted of seven 8-foot recirculating modules and one 6-foot fast cooling module, each resting on support legs and bolted only to each other to form a continuous conveyor system. The system was connected to the building by electrical and gas lines. Myers further stated that Consumer had wired the modules to each other as well as to the master control panel and had also connected the master control panel to the existing power source. However, Consumer did not install or attach any electrical lines, conduit or other electrical service from or through O-I's premises to the oven. Myers further stated that the oven was movable; a similar oven had been moved within the building; and the oven installed by Consumer was a replacement for an old unit.

In response, Consumer filed a memorandum in opposition to O-I's motion to dismiss with supporting counteraffidavits, alleging that: (1) O-I's motion did not raise an affirmative matter within the meaning of section 2—619(a)(9); and (2) the Lehr oven was adapted for use with O-I's realty, is an accessory to it, and, therefore, is lienable. In support of its motion, Consumer attached the affidavit of Lawrence Whitcomb, president of Whitcomb Enterprises, Inc., which furnished millwright services for the installation and hookup of the Lehr oven. Whitcomb stated that a crane was required to set the eight modules into position and that the assembled oven was 62 feet long and

weighed between 40,000 and 50,000 pounds. Whitcomb further stated that the conveyor system which ran through the oven was connected at the front end of the oven to a conveyor which brought bottles from a glass bottle making machine and connected at the rear end to a conveyor which carried the bottles to the packaging station. The supports for the conveyors were bolted together.

In addition, Consumer attached the affidavit of Leonard Lehman, president of Consumer, which detailed the physical setup of the entire bottle manufacturing system of which the oven was a part. The system begins with an automated, gas-fired furnace which deposits bottles on a stainless-steel conveyor belt that transports the hot bottles to the front of the gas-fired Lehr oven. Compressed air is pumped into the oven to gradually cool down the bottles as they travel on the conveyor through the 62-foot-long oven. The oven runs through a hole in the wall into a second room. At the end of the oven, the bottles travel by a third conveyor to the inspection and packaging areas. Once a bottle is formed in the furnace, it remains on the conveyor system until it is packaged.

O-I then filed its memorandum in support of its section 2—619(a)(9) motion together with the affidavit of H. L. Kerschbaum, plant manager for O-I. Kerschbaum stated that it was O-I's intent that the Lehr oven would be "removable, interchangeable, replaceable and otherwise a piece of equipment that was not to be considered a permanent, integrated part of the premises." Kerschbaum denied that O-I's building had been "altered or adapted specifically for use of the Lehr oven," and further denied that the oven was necessary for the use for which O-I carries on its business.

Without conducting an evidentiary hearing, the trial court granted O-I's motion to dismiss, finding that the motion was properly brought under section 2—619(a)(9) to raise the defense of nonlienability. The court further found that the affidavits submitted by the parties satisfied the requirements of Supreme Court Rule 191 (87 Ill. 2d R. 191) with the exception of some conclusionary statements in Kerschbaum's affidavit as to O-I's intent. In conclusion, the court held that Consumer had not established the requisites for lienability and that the Lehr oven was a nonlienable trade fixture. Consumer's timely appeal followed.

Consumer first contends that O-I's allegation that the Lehr oven is nonlienable business equipment does not constitute an affirmative matter within the meaning of section 2—619(a)(9). Rather, it is merely evidence to contradict the facts raised in the complaint.

Section 2—619 states, in pertinent part:

"(a) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds.
* * *
(9) That the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim.
* * *
(c) If, upon the hearing of the motion, the opposite party presents affidavits or other proof denying the facts alleged or establishing facts obviating the grounds of defect, the court may hear and determine the same and may grant or deny the motion. If a material and genuine disputed question of fact is raised the court may decide the motion upon the affidavits and evidence offered by the parties, or may deny the motion without prejudice to the right to raise the subject matter of the motion by answer * * *."

■ The term "affirmative matter" as used in section 2—619(a)(9) has been defined as a type of defense that either negates an alleged cause of action completely or refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint. (*Ralston v. Casanova* (1984), 129 Ill. App. 3d 1050, 473 N.E.2d 444.) By contrast, where the affirmative matter is merely evidence upon which defendant expects to contest an ultimate fact stated in the complaint, section 2—619(a)(9) should not be used. *Connelly v. Estate of Dooley* (1981), 96 Ill. App. 3d 1077, 422 N.E.2d 143.

■ The primary purpose of a section 2—619 motion is to provide a means to dispose of issues of law or easily proved issues of fact. However, if it cannot be determined with reasonable certainty that the alleged defense exists, the motion should not be allowed. (*Dangeles v. Marcus* (1978), 57 Ill. App. 3d 662, 373 N.E.2d 645; *Loughman Cabinet Co. v. C. Iber & Sons, Inc.* (1977), 46 Ill. App. 3d 873, 361 N.E.2d 379; *House of Realty, Inc. v. Ziff* (1973), 9 Ill. App. 3d 419, 292 N.E.2d 71.) Although similar to a summary judgment motion, a section 2—619 motion differs in that the court may, in its discretion, decide questions of fact "upon the hearing of the motion." (*North Park Bus Service, Inc. v. Pastor* (1976), 39 Ill. App. 3d 406, 349 N.E.2d 664; Ill. Rev. Stat. 1985, ch. 110, par. 2—619(c).) However, in deciding the merits of the motion, a trial court cannot determine disputed factual issues solely upon affidavits and counteraffidavits. If the affidavits present disputed facts, the parties must be

afforded the opportunity to have an evidentiary hearing. *Premier Electrical Construction Co. v. La Salle National Bank* (1984), 132 Ill. App. 3d 485, 477 N.E.2d 1249; *Dickman v. Country Mutual Insurance Co.* (1983), 120 Ill. App. 3d 470, 458 N.E.2d 199.

■■ Based upon the foregoing legal principles, we first address the issue as to whether the defense of nonlienability is an "affirmative matter" within the meaning of section 2—619(a)(9). Consumer asserts that O-I's allegation of nonlienability is merely evidence which contradicts facts alleged in the complaint, rather than an affirmative defense. We disagree. If successful, the defense of nonlienability raised in a motion to defeat a claim for foreclosure of a mechanic's lien would act to negate the cause of action completely. This result is clearly within the parameters of the statutory definition of "affirmative matter." Further, contrary to Consumer's position, we find no facts within the motion which contradict well-pleaded facts raised in the complaint. In our view, the motion properly raised a question of law, *i.e.*, the lienability of the Lehr oven, as an affirmative matter. Accordingly, we conclude that the trial court did not err in considering O-I's defense under section 2—619(a)(9).

■■ We next address whether the court properly decided O-I's motion on the pleadings and affidavits without providing the opportunity for an evidentiary hearing. As previously stated, the court may, in its discretion, decide disputed questions of fact raised by a section 2—619 motion. (*North Park Bus Service, Inc. v. Pastor* (1976), 39 Ill. App. 3d 406, 349 N.E.2d 664.) However, in those cases where affidavits of the nonmoving party raise genuine disputed questions in fact, the court must allow the parties the opportunity for an evidentiary hearing on the motion. *Dickman v. Country Mutual Insurance Co.* (1983), 120 Ill. App. 3d 470, 458 N.E.2d 199; *Stevens v. O'Bryant* (1979), 74 Ill. App. 3d 239, 392 N.E.2d 935; Ill. Rev. Stat. 1985, ch. 110, par. 2—619(c).

In the case at bar, we find that the counteraffidavits present at least two disputed factual issues: O-I's intent with respect to the use of the oven and whether the oven was integrated into the glass bottle manufacturing system. Consumer and O-I concur that the intent of the party against whom a lien is sought is essential to a determination of lienability. In fact, O-I states that "intent is pre-eminent." In its memo in opposition and supporting affidavits, Consumer alleged facts to support its position that the Lehr oven was intended for permanent use in carrying on O-I's current business and was an integral part of the entire glass bottle manufacturing system. In contradiction to Consumer's position, O-I alleged facts in its memo and affidavits to dem-

onstrate that the oven was intended to be used merely as a piece of replaceable business equipment. Under these circumstances, we find that the issues as to whether the plant was specially adapted to the oven and whether the oven was necessary to the operation of O-I's business were factual issues not proper for resolution by a section 2—619 motion without an evidentiary hearing. (See *Dickman v. Country Mutual Insurance Co.* (1983), 120 Ill. App. 3d 470, 458 N.E.2d 199; *Connelly v. Estate of Dooley* (1981), 96 Ill. App. 3d 1077, 422 N.E.2d 143; *Stevens v. O'Bryant* (1979), 74 Ill. App. 3d 239, 392 N.E.2d 935.) Our decision obviates the need to address the issue of lienability.

For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand the cause for further proceedings consistent with the views expressed herein.

Reversed and remanded.

O'CONNOR and BUCKLEY, JJ., concur.