COMMONWEALTH EDISON COMPANY, Plaintiff, v. ENCOMPAS, INC., *et al.*, Defendants (Encompas, Inc., *et al.*, Third–Party Plaintiffs-Appellants; Avreco, Inc., Third–Party Defendant-Appellee).

Third District   No. 3—86—0833

Opinion filed August 6, 1987.

Dennis J. Burke, of Burke & Burke, Ltd., of Chicago, for appellant Encompas, Inc.

Dennis L. Frostic, Ellen J. Kerschner, and Scott B. Hamilton, all of Peterson, Ross, Schloerb & Seidel, of Chicago, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

Third-party plaintiffs Encompas, Inc., and Douglas Reid appeal the trial court's dismissal of their third-party complaint for indemnity

and/or contribution. The court found that because the cause of action arose in 1977, prior to the effective date of the Contribution Act (Ill. Rev. Stat. 1985, ch. 70, par. 301 *et seq.*), no contribution claim could be sustained. The court also found that because the third-party complaint was filed more than five years after the cause of action arose, it was not timely filed. We reverse.

In 1977, Commonwealth Edison (ComEd) and Midwest Power, Inc. (Midwest), a construction contractor, contracted for Midwest to perform certain repairs at one of ComEd's power plants. Under the terms of the parties' agreement, Midwest was obligated to obtain certain liability insurance which included ComEd as an additional insured party. Midwest contacted Encompas, Inc., an insurance broker, about obtaining the required insurance. An agent of Encompas', Douglas Reid, contacted Avreco, Inc. (Avreco), a corporation engaged as an insurance agent, about procuring the insurance required in the Midwest/ComEd contract. Reid relied on Avreco to procure insurance which satisfied the terms of the contract. Avreco then obtained insurance from Admiral Insurance Company, Inc. (Admiral). On September 29, 1977, Encompas issued a certificate of insurance to ComEd, indicating that ComEd was a "named additional insured" under the Admiral policy. In fact, ComEd was not an additional insured.

In January of 1978, a Midwest employee was injured at the ComEd plant. The injured employee filed an action against ComEd, and ComEd was served with the complaint in September of 1979. On October 10, 1979, ComEd tendered the defense of this case to Admiral, under the mistaken belief that it was an insured of Admiral's. Nine days later, Admiral denied coverage and a defense of the suit, so ComEd obtained counsel to defend the action. The injured employee obtained a $200,000 judgment against ComEd in 1981.

ComEd thereafter filed a complaint against Encompas, Reid, Midwest, Admiral, and Avreco, alleging, *inter alia,* negligence, breach of fiduciary duty, and breach of contract. In April of 1985, ComEd voluntarily dismissed the counts against Admiral and Avreco. Various answers, amendments, and other pleadings were filed by the parties from 1982 through 1985, but we need not concern ourselves with them for purposes of this appeal.

On April 25, 1986, Encompas and Reid filed a third-party complaint against Avreco in the pending action brought by ComEd. On agreement of the parties, the court subsequently allowed Encompas and Reid to file an amended third-party complaint. In the amended complaint, the third-party plaintiffs alleged that Avreco was given a copy of the Midwest/ComEd contract and was obligated to obtain in-

surance which satisfied the contract terms. The third-party plaintiffs also asserted that Avreco was negligent in that it failed to properly review the contract and other documents necessary to determine the type of insurance required and mistakenly issued insurance which it believed would cover Midwest and ComEd. Finally, the amended third-party complaint alleged that as a result of Avreco's negligence, Encompas and Reid are entitled to contribution and/or indemnity to the full extent of any liability incurred.

Avreco filed a motion to dismiss the third-party complaint, asserting that the cause of action sounded in tort and that the five-year statute of limitations, which began to run in 1977 when Avreco allegedly failed to procure the proper insurance, had expired long before the third-party complaint was filed. The court determined that any cause of action arising out of the facts here, including a common law indemnity action, must have been filed within five years of the date the cause of action accrued in order to be within the statute of limitations. (Ill. Rev. Stat. 1985, ch. 110, par. 13—205.) The trial court found that the cause of action was properly characterized as a tort arising out of a contractual relationship and that it accrued in 1977 when the contract was made, not when the damage was sustained. Finally, the court found that because the cause of action accrued prior to the enactment of the Contribution Act, no contribution claim could be sustained. After finding that the third-party complaint was not timely filed, the trial court dismissed the complaint.

The third-party plaintiffs filed a motion to reconsider, arguing that they are seeking indemnification and that because they have no right to indemnity from Avreco unless and until ComEd obtains a judgment against them, their third-party cause of action for indemnity did not accrue until that date and their complaint was not untimely filed. The court denied the motion to reconsider, and the third-party plaintiffs filed this appeal. Before this court, the third-party plaintiffs argue primarily that the third-party claim states a cause of action for contribution and that it was timely filed.

Avreco continues to maintain that the third-party plaintiffs' cause of action is a tort arising out of a contract and that the trial court correctly dismissed it because the action was not filed before the five-year statute of limitations expired. Avreco and the trial court have mischaracterized the third-party cause of action. A review of the amended complaint indicates that the third-party action is one for contribution and/or indemnity. It merely alleged that Avreco's liability for indemnity or contribution, if any, arose from Avreco's negligence in performing its duties under the contract. Therefore, the fact that .

the third-party complaint was filed over five years after Avreco obtained the insurance does not resolve the issue of whether the complaint was timely filed. See *Monsen v. DeGroot* (1985), 130 Ill. App. 3d 735.

We must determine whether the cause of action is one for contribution or indemnity before we are able to determine whether it was timely filed. The Contribution Act applies only to "causes of action arising on or after March 1, 1978." (Ill. Rev. Stat. 1985, ch. 70, par. 301.) Avreco contends that the underlying cause of action for purposes of the Contribution Act is Encompas' action against Avreco based on Encompas' oral request for insurance, which arose in 1977, before the effective date of the Contribution Act. We disagree.

■ Avreco correctly points out that Illinois courts have interpreted the Contribution Act so that it applies when the original plaintiff's cause of action, from which the original defendant seeks contribution, arose on or after March 1, 1978. (*Van Slambrouck v. Economy Baler Co.* (1985), 105 Ill. 2d 462.) Here, the original plaintiff is ComEd, who alleged that Midwest, Encompas, and Reid failed to procure insurance naming ComEd as an additional insured. The issue thus becomes when ComEd's cause of action, from which Encompas and Reid now seek contribution, arose for purposes of the Contribution Act.

It can be argued that a portion of ComEd's action against Midwest and Encompas should be characterized as a tort arising out of a contract to obtain insurance naming ComEd as an additional insured. In a few instances, Illinois courts have stated in *dicta* and held that when a tort arises out of a contractual relationship, the cause of action accrues and the statute of limitations begins to run when the contract is breached and not when the damage is sustained or discovered. (*E.g., West American Insurance Co. v. Sal E. Lobianco & Son Co.* (1977), 69 Ill. 2d 126 (in *dicta*); *Stevens v. O'Bryant* (1979), 74 Ill. App. 3d 239.) If this rule were applied, we would be obliged to find that the relevant cause of action accrued in 1977 when the contract was breached and that the Contribution Act did not apply.

■ However, since the time the above rule was created and applied, the discovery rule relating to the statute of limitations has been broadly applied to a variety of cases. The discovery rule serves to postpone the starting of the limitations period until the injured party either knows or should have known the injury and also knows or reasonably should have known that the injury was caused by the wrongful acts of another. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407.) In *Knox College,* a roof installed on a new building in 1970 be-

gan to leak almost immediately and roof repairs were conducted for several years thereafter. In 1976, the college learned from a roofing consultant that the problems might have been caused by deficiencies in the roofing materials. In 1978, Knox College filed suit against Celotex, the manufacturer of the roofing materials, for tortious misrepresentation and fraud. As in this case, Knox College's complaint against Celotex could be properly characterized as a tort arising out of a contract, although it was not expressly characterized as such by the court in *Knox College*. The trial court dismissed the counts against Celotex after finding they were barred by the statute of limitations. On appeal, the supreme court discussed its recent decisions regarding the discovery rule, found that the rule applied in the instant case, and reversed the trial court's decision. The court stated:

> "At some point the injured person becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved. At that point, under the discovery rule, the running of the limitations period commences." 88 Ill. 2d 407, 416.

*Knox College* was but one in a series of cases in which the supreme court applied the discovery rule to postpone the accrual of a cause of action and the starting of the limitations period until the injured party knows or should have known of the injury. (See also *Rozny v. Marnul* (1969), 43 Ill. 2d 54; *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161.) The broader application of the discovery rule in these cases, particularly in *Knox College*, which also presented a tort arising out of a contract, conflicts with the earlier rule stated in *West American Insurance Co.* and *Stevens* regarding the accrual of tort actions arising out of a contractual relationship. Therefore, in accordance with the rule applied in *Knox College*, and with an awareness that the discovery rule has been applied across a broad spectrum of litigation, we find that even if ComEd's suit against Encompas is characterized as a tort arising out of a contract, it does not necessarily follow that the cause of action accrued in 1977 when the contract breach occurred. Therefore, we find that the trial court erred when it failed to apply the discovery rule to these facts and instead applied the outmoded rule and determined that the cause of action necessarily arose in 1977.

In *Knox College* and its predecessors, the supreme court stated that the cause of action accrues and the statute of limitations begins to run when the injured party knows or reasonably should know of the injury and also knows or reasonably should know that the

injury was wrongly caused. This determination is usually a question of fact. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 416.) Although nothing in the record suggests that ComEd discovered it was not a named additional insured until October 1979, we cannot say, as a matter of law, that ComEd's cause of action against Midwest, Encompas, and Reid arose at that time. Evidence may disclose that ComEd had access to the policy with Admiral at an earlier date or that Admiral discovered earlier that it was not an additional insured. At some point along the line, ComEd had sufficient information to put a reasonable person on inquiry as to the lack of coverage under the Admiral policy and whether a cause of action existed. That point must be determined by a trier of fact. We therefore remand the cause to the trial court for an application of the discovery rule and a determination of when ComEd's underlying cause of action arose.

We note as an aside, that from the information available to us at this point, it appears that the earliest date at which ComEd knew or reasonably should have known of the injury and also knew or reasonably should have known it was wrongfully caused was October 1979 when Admiral refused coverage and a defense. It seems that at least until then, ComEd relied on the certificate of insurance issued by Encompas as evidence it was covered by the Admiral policy. Only after it received the certificate of insurance did ComEd enter into the contract with Midwest. Nothing in the record before us suggests that ComEd had any reason to inquire about its insured status at any time prior to the date Admiral denied coverage and a defense. If, after examining any evidence on this issue, the trier of fact confirms that ComEd's cause of action arose in October of 1979, or at any time after the effective date of the Contribution Act, the third-party complaint properly stated a cause of action for contribution.

■ If, as it appears to us, the third-party plaintiffs could maintain a contribution action against Avreco, we note additionally that their third-party was timely filed. Section 5 of the Contribution Act provides:

> "A cause of action for contribution among joint tortfeasors may be asserted by a separate action before or after payment, by counterclaim or by third-party complaint in a pending action." (Ill. Rev. Stat. 1985, ch. 70, par. 305.)

The Illinois Supreme Court has interpreted this section to mean that if there is a pending action, a third-party is required to assert its claim for contribution in a counterclaim or third-party complaint in the original action or be barred from bringing a separate action. (*Laue v. Leifheit* (1984), 105 Ill. 2d 191.) In this case, the third-party

plaintiffs' contribution action was asserted in ComEd's pending action. Thus, if the contribution action was proper, it also was timely filed.

■ In the alternative, if the trier of fact is presented with evidence sufficient to persuade it that ComEd knew or should have known of its injury and that the injury was wrongly caused prior to March 1, 1978, the trial court can determine at that time whether the third-party plaintiffs have a cause of action for indemnity. Should the need for such a determination arise, we note that the trial court incorrectly stated the rule regarding the limitation period for an indemnity action in this case. Under Illinois law, defendants who are entitled to bring third-party actions for indemnity may file a third-party complaint in the original action or file a separate cause of action after he is found liable. Because the third-party claim cannot be determined until the underlying claim is resolved, the cause of action for indemnity does not accrue until the defendant has a judgment entered against him or until he settles the claim against him. See, *e.g., Anixter Brothers, Inc. v. Central Steel & Wire Co.* (1984), 123 Ill. App. 3d 947.)

In summary, we reverse the trial court's dismissal of the third-party complaint and remand for an application of the discovery rule and a factual determination of when ComEd's underlying action arose. If the trier of fact determines that the cause of action arose on or after March 1, 1978, the amended third-party complaint should be reinstated. If the trier of fact determines the underlying cause of action arose before March 1, 1978, the trial court shall determine whether the third-party plaintiffs have an indemnity cause of action.

Reversed and remanded with instructions.

SCOTT and STOUDER, JJ., concur.